Roy OVERSTREET, Appellant,

v.

SOUTHERN RAILWAY COMPANY, Appellee.

No. 23299.

United States Court of Appeals
Fifth Circuit.

Jan. 25, 1967.

W. S. Murphy, Lucedale, Miss., for appellant.

M. M. Roberts, Hattiesburg, Miss., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

AINSWORTH, Circuit Judge.

In this diversity suit for damages, plaintiff Overstreet was involved in a railroad crossing accident on February 3, 1959, at Hattiesburg, Forrest County, Mississippi, with a locomotive operated by the New Orleans & Northeastern Railroad Company. The complaint was not filed until February 1, 1965, after which the district judge granted a motion for summary judgment dismissing the suit, the court holding that the uncontradicted affidavits submitted by defendant Southern Railway Company showed that it did not operate a train or conduct any railroad operations at Hattiesburg, but that another corporation, New Orleans & Northeastern Railroad Company, did operate such a train on the date and at the place plaintiff alleges he was injured.

Thereafter, plaintiff moved to set aside and vacate the summary judgment and attached to his motion certain exhibits consisting of copies of reports filed with the Mississippi Public Service Commission by Southern Railway Company and New Orleans & Northeastern Railroad Company. In detailed reasons for judgment, the trial court overruled plaintiff's motion to set aside and vacate the summary judgment. The district judge pointed out that defendant Southern Railway Company had no railroad tracks in Forrest County, Mississippi, nor did it own or operate the locomotive or train; that the locomotive was owned by Alabama Great Southern Railroad Company and leased to New Orleans & Northeastern Railroad Company, though the word "Southern" was painted on it. The district judge held that the defendant Southern Railway Company had absolutely nothing to do with the accident. The reports filed with the Mississippi Public Service Commission showed that defendant Southern Railway Company owned 100 per cent of the stock of New Orleans & Northeastern Railroad Company; also, that New Orleans & Northeastern Railroad Company had ten directors and Southern Railway Company twelve directors, only two of whom were also directors for New Orleans & Northeastern Railroad Company. However, the two corporations are separate and distinct entities, and there was no evidence that Southern was operating this train as a part of a single system.

A corporation is a legal entity separate and apart from its stockholders. United States v. Davidson, 5 Cir., 1943, 139 F.2d 908, and the corporate fiction should not be disregarded because of identity of corporate names, stockholders and officers and the fact of ownership of capital stock in one corporation by another. Maule Industries v. Gerstel, 5 Cir., 1956, 232 F.2d 294. Since New Orleans & Northeastern Railroad Company owns and actively operates its own business, the mere fact that Southern Railway Company owns all of its stock does not render the holding company responsible for the actions of its subsidiary. Atlantic Coast Line Railroad Co. v. Shields, 5 Cir., 1955, 220 F.2d 242. The circumstances here do not warrant a disregard of the separate entity of the two corporations. Plaintiff should have sued the New Orleans & Northeastern Railroad Company. As this Circuit said in New Orleans & Northeastern Railroad Co. v. Hewett Oil Co., 5 Cir., 1965, 341 F.2d 406:

> "Although the constituent members of the Southern Railway System constitute a 'family', it is plain from the record that the members of the family are separate entities."

None of the affidavits and supporting exhibits filed by the parties showed any genuine issue as to a material fact. Since plaintiff sued the wrong company, we are of the opinion that the trial judge was correct and that the defendant Southern Railway Company was entitled to judgment of dismissal as a matter of law. Fed.R.Civ.P., Rule 56.

Affirmed.