### Mrs. Lois WOODFORD
v.
### KINNEY SHOE CORPORATION.

### Mrs. Lois WOMBLE
v.
### KINNEY SHOE CORPORATION.
#### Civ. A. Nos. 16052, 16053.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 23, 1973.

Donald Weissman, Adair, Goldthwaite, Sanford & Daniel, Atlanta, Ga., for plaintiffs.

Weltner, Kidd & Crumbley, Atlanta, Ga. (Seligman & Seligman, New York City, of counsel), for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

In these age discrimination actions, defendant has moved to dismiss for failure to state a claim. Since the parties have submitted matters outside of the pleadings which the court will consider, defendant's motions shall be treated as motions for summary judgment and disposed of as provided in Fed.R.Civ.P. 56.

In the main, defendant's motions are identical. However, in Civil Action No. 16053, which involves plaintiff Womble, defendant contends that Mrs. Womble has not met the conditions precedent to a suit pursuant to the Age Discrimina-

tion in Employment Act. Before turning to those issues which are common to these two cases, the court in limine will consider the procedural issues which involve only Mrs. Womble.

█ A person claiming to be aggrieved by a violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq.) may not maintain a suit until he has first advised the Secretary of Labor of his intent to bring suit and allowed the Secretary an opportunity to eliminate the employee-employer dispute by informal methods such as conciliations and persuasion. Specifically, ·29 U.S.C. § 626(d) provides:

> "No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) within one hundred eighty days after the alleged unlawful practice occurred."

Defendant contends that plaintiff Womble's suit should be dismissed because she did not file the required notice to the Secretary within the one hundred eighty day period. Plaintiff Womble, of course, disagrees. Their dispute involves the construction of § 626(d) and presents a question of first impression.

For the purpose of deciding this part of defendant's motion, the court assumes those facts alleged in Mrs. Womble's affidavit and unrefuted by defendant to be true.

Mrs. Womble was discharged from her job on November 17, 1970. On April 27, 1971—about one hundred sixty days after her discharge—she contacted by telephone the Labor Department's Atlanta office and spoke with a Mrs. Ball. She told Mrs. Ball about being discharged from her job and reported that she felt, since a young man had replaced her, that sex and age discrimination on the part of her employer led to her discharge. Mrs. Womble specifically asked if she would need to come to the Labor

Department's office to file a written complaint against Kinney Shoe Corp., and Mrs. Ball answered that it would not be necessary. Mrs. Ball then said Mrs. Womble's report would be turned over to Mr. Hansel who would contact Mrs. Womble later.

A few days later Mrs. Womble again called the Labor Department. This time she asked to speak with Mr. Hansel. Mr. Hansel was unavailable, but another man spoke to her after he found the "file" involving Mrs. Womble's complaint against Kinney Shoe Corp. Later the same day Mr. Hansel telephoned Mrs. Womble. During that conversation, Mr. Hensel stated that Mrs. Womble's complaint had been timely filed but that the Labor Department had sixty days to attempt to resolve the dispute. At no time did he tell Mrs. Womble that she had to make a written complaint in order to start the processing of her case.

Mrs. Womble is not a lawyer; and, during the period when she had these telephone conversations with the Labor Department, she had not retained counsel to represent her in her dispute with defendant. Subsequently, she did retain counsel, who on July 22, 1971—about two hundred fifty days after Mrs. Womble's discharge—in writing and in lawyerlike terms formally notified the Department of Mrs. Womble's intent to bring suit against Kinney Shoe Corp.

Defendant contends that the notice given by Mrs. Womble is invalid under § 626(d) because (1) it was not in writing and (2) it was not notice of an intent to file a suit.

■ Nothing in the Age Discrimination Act expressly commands that the notice to the Secretary of Labor be written notice. The legislative history underlying the Act does not indicate that only written notice was intended by Congress. See 1967 U.S.Code Cong. & Ad. News, p. 2213. Moreover, the Department of Labor has not made it plain that it regards only written notice as complying with the Act. In an opinion

letter signed by one of the assistant secretaries, the Department declared:

"No particular form is necessary in order to notify the Secretary of Labor of an intent to file civil action under the Age Discrimination in Employment Act. Such notification should be provided in writing, however, . . .." " Administrative Opinion signed by Assistant Secretary of Labor Donahue, August 26, 1968; FEP Manual 401:5213.

The construction of a statute by the government agency charged with its enforcement is entitled to great weight. Local 189, United Papermakers v. United States, 416 F.2d 980, 997 (5th Cir. 1969); Hart v. United Steelworkers, 350 F.Supp. 294, 296 (W.D.Pa.1972) (Age Discrimination Act case); Hodgson v. American Hardware Mut. Ins. Co., 329 F.Supp. 225, 228 (D.Minn.1971). But in this case, the court is uncertain what the Labor Department has said. The language in the opinion could mean that any type notice is acceptable, as long as it is in writing or it might mean that any type notice is acceptable, although written notice is desirable. The opinion is ambiguous, and there apparently is no other Labor Department interpretation of § 626(d)'s notice provision which might clarify the opinion. See generally 29 C. F.R. § 860 (1972) (interpretations of the Age Discrimination Act).

■ The Court of Appeals for this circuit has specifically noted the similarity between Title VII of the 1964 Civil Rights Act and the Age Discrimination Act. Hodgson v. First Fed. Sav. & L. Ass'n., 455 F.2d 818, 820 (5th Cir. 1972). The Age Discrimination Act is remedial and humanitarian in its nature as is Title VII. Courts construing Title VII's procedural limitations have been extremely reluctant to allow technicalities to bar claims brought under that statute. Limitations which would take away a right from one for whom the statute was enacted have been required to be express and not subject to varying

915

interpretations. *E. g.*, Pullen v. Otis Elevator Co., 292 F.Supp. 715, 717 (N.D. Ga.1968) (Edenfield, J.). In fact, courts confronted with procedural ambiguities in Title VII's statutory framework have with virtual unanimity resolved them in favor of the complaining party. Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970). In light of this well-established judicial approach to this type of legislation and the fact that written notice is not expressly required by the Act, this court holds that, although written notice may be desirable, the notice to the Secretary of Labor required by 29 U.S.C. § 626(d) need not necessarily be in writing.

Defendant has argued persuasively that, since the § 626(d) provides that the notice is to be "filed," the notice must be written; and there is some authority that tends to support defendant's position. *See, e. g.*, Ritter v. United States, 28 F.2d 265, 267 (3d Cir. 1928) (a tax case—only writings can be "filed"); 66 C.J.S. Notice § 16b at 656 (1950). Nevertheless, given the special nature of the Age Discrimination Act, this court believes that a broader construction is most in keeping with the statutory purpose. Certainly, the idea of "filing" an oral complaint or notice does not, in this court's judgment, stretch the word beyond the range of its ordinary meaning and usage. Furthermore, the similar complaint section of Title VII [42 U.S.C. § 2000e–5(a)] specifically demands a written charge. And since Congress has expressly required a writing in Title VII, but not in the Age Discrimination Act, this court is reluctant to read such a requirement into the Age Discrimination Act.

Defendant's second argument that Mrs. Womble's complaint to the Department of Labor was not notice of her intent to file suit under the Age Discrimination Act is apparently based on the absence of an express statement of such an intent in Mrs. Womble's telephone conversations with the Labor Department.

■■ This court holds that where an employee, within one hundred eighty days of his discharge, reports to the Labor Department that he has been discharged from his job because his employer discriminates against older workers, the employee's right to file suit later under the Age Discrimination Act is preserved, even if the employee does not in so many words declare to the Department his intent to file such an action.

■ The persons making complaints to the Department will in the most part not be lawyers; they should not be compelled to adhere to strict rules of pleading merely to preserve their right to come to court to enforce their right to be free of discrimination employment because of their age. If they are to be able to enforce the Age Discrimination Act, their complaints should be construed not narrowly and technically, but broadly and liberally. Where the employee identifies himself and his employer and reports facts which, if true, would support a cause of action pursuant to the Act, the Labor Department should assume that the aggrieved employee will take whatever steps are necessary to enforce his rights, including court action; thus, an intent to file suit is implied in a complaint of age discrimination in employment. *But see* Grossfield v. Saunders Co., 1 FEP cases 624 (S.D.N.Y. 1968) (an age discrimination case, already doomed on its merits, in which the court also stated that the notice of intent to file suit must be specific).

Plaintiff Womble is properly before the court.

In respect to both of these cases, defendant contends it has never been plaintiffs' employer and, therefore, could not have discharged plaintiffs in violation of the Age Discrimination Act. Defendant does admit that plaintiffs were employed by one of its wholly owned subsidiary corporations, G. R. Kinney Georgia, Inc. (Kinney Georgia) but denies that the subsidiary is so controlled by defendant as to make Kinney Georgia merely an agent or instrumen-

**916**

tality of defendant. Plaintiffs admit they were nominally employees of Kinney Georgia, but they contend that defendant so controls Kinney Georgia—in respect to personnel matters, at least— as to make Kinney Georgia merely defendant's agent and to make defendant their employer within the meaning of the Act.

■ A parent corporation can be held liable under the Age Discrimination Act for the discriminatory employment practices of its subsidiary corporation *if* the parent corporation so controls the subsidiary that the subsidiary is merely the agent or instrumentality of the parent. *Compare* 29 U.S.C. § 623 (Supp. 1972) *with* 29 U.S.C. § 630(b) (Supp. 1972). Put differently, an employee of the parent company's agent-subsidiary is an employee of the parent company for the purposes of the Age Discrimination Act. Therefore, the sole question here is: Does a genuine issue of fact exist with respect to plaintiff's contention that defendant was their "employer" within the meaning of the Act because Kinney Georgia was so controlled by defendant as to make it defendant's agent or instrumentality.

■ Ordinarily, the question of whether a defendant was the employer of a plaintiff in an age discrimination case is a question of fact which is to be decided by the jury. *Cf.* Baker v. Texas & Pac. Ry. Co., 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756 (1959) (an FELA case). And, thus, only in the clearest cases would summary judgment be permissible. Defendant has the burden of positively and clearly demonstrating that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. "A long line of cases have held that summary judgment should not be granted if there is the 'slightest doubt' as to the facts." National Screen Service Corp. v. Poster Exch., Inc., 305 F.2d 647 (5th Cir. 1962). In this case, it is not plain beyond doubt that defendant was not plaintiffs' employer; summary judgment must accordingly be denied.

■ Of course, the mere fact that Kinney Georgia was the wholly owned subsidiary of defendant would not make Kinney Georgia defendant's agent or instrumentality. *See, e. g.,* Overstreet v. Southern Ry. Co., 371 F.2d 411 (5th Cir. 1967). But the affidavits, exhibits and depositions submitted by plaintiffs show that defendant exercised substantial control and supervision over the operations of Kinney Georgia. For example, the deposition of Ken Akin, a district manager employed by defendant, illustrates the extent of control exercised by defendant. In Mr. Akin's district, which covers several states, there are twenty four shoe stores. Some of these stores are owned by defendant itself; others are owned by one of the several subsidiaries of defendant. Despite the fact that the stores are owned by various corporations, Mr. Akin testified that his supervisory authority was the same in respect to all the stores in his district. And that authority is great in respect to the personnel matters involving the stores in his district. The district manager may veto the hiring of a new employee at any of the stores in his district. He has the authority to transfer the employees at each store in his district to other stores in his district even if those stores belong to different corporations. He has the authority to discharge store managers at all the stores in his district. And he has the authority to instruct a store manager at any store in his district to increase or decrease the store's personnel. Mr. Akin also testified that it was perhaps possible that he could overrule a decision of a store manager to discharge an employee.

Plaintiffs have submitted evidence which would tend to establish that defendant closely supervises the activities of its subsidiaries and, in fact, operates its shoe stores and those of its subsidiaries, such as Kinney Georgia, as part of an integrated system. Such evidence, even if—as defendant has asserted—all

the formal legal requirements have been maintained in respect to Kinney Georgia, would in this court's judgment, permit a jury to find that defendant so controls Kinney Georgia, as to make it defendant's agent or instrumentality. *See generally* Markow v. Alcock, 356 F.2d 194, 197 (5th Cir. 1966). *See also* Williams v. New Orleans S. S. Ass'n., 341 F.Supp. 613 (E.D.La.1972) (corporations which are part of an integrated enterprise may be treated as a single employer for some purposes under Title VII).

Accordingly, defendant's motions to dismiss, in the nature of summary judgment, are denied.

It is so ordered.