**William R. RAYNOR**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.**

**Civ. A. No. 75-0273-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 17, 1975.

Henry A. Conner, Jr., Richmond, Va., for plaintiff.

Michael W. Smith, Richmond, Va., James J. Baldwin, Greenville, S. C., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Defendant Great Atlantic and Pacific Tea Company has moved the Court to dismiss plaintiff William R. Raynor's cause of action under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction.

Plaintiff instituted this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* which makes age discrimination employment practices against persons ages 40 to 65 unlawful. Plaintiff, age 42, charges defendant fired him on or about 16 April 1974 in violation of the ADEA. He recites that on 26 February 1975 he filed with the Secretary of Labor a written complaint of the alleged violation and at the same time gave notice of intent to sue. The complaint thus shows on its face plaintiff failed to file said notice within 180 days from termination of employment. ADEA § 626(d) requires the filing of such notice within 180 days of termination.[1]

The weight of authority holds that compliance with the notice requirement of § 626(d) is a condition precedent to acquiring federal question jurisdiction under the ADEA. *E. g. Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1974); *Hiscott v. General Electric Co.*, Civil No. 51–1250 (N.D.Ohio 1974). The language of the statute is clear and without qualification with respect to the issue in question; notice is required to be given within the prescribed time period. There is no ambiguity. Hence, plaintiff was obligated to comply

1. No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days notice of an intent to file such action. Such notice shall be filed (1) within one hundred and eighty days after the alleged unlawful practice occurred. . . . Age Discrimination in Employment Act, 29 U.S.C. § 626(d) (1968).

therewith to obtain standing before the Court.

In opposition of defendant's motion to dismiss, plaintiff cites *Woodford v. Kinney Shoe Corporation*, 369 F.Supp. 911 (N.D.Ga.1973), for the position that the notice requirement should be construed broadly and liberally, not narrowly and technically. *Woodford* has been criticized,[2] but this Court need not be concerned with the merits of that decision for the issue determined therein is readily distinguishable from that of the instant cause. *Woodford* speaks to the question of the nature of notice on which point § 626(d) is silent, leaving room for judicial interpretation. To reiterate, the instant cause speaks to the question of the time period within which notice must be filed. Here § 626(d) leaves no room for judicial interpretation. Accordingly, the motion to dismiss must be granted.

An appropriate order shall issue.

2. Woodford held that the plaintiff's mere filing of a complaint with the Department of Labor was sufficient to either satisfy the ADEA's notice provision in 29 U.S.C. § 626(d) or to toll the running of the 180 day period. This decision was criticized by the District Court in *Dartt v. Shell Oil Co.*, (N.D.Okla.1975) wherein the Court found that *Woodford* disregarded the clear mandate of 29 U.S.C. § 626(d).