**H. Monroe SUTHERLAND**

v.

**SKF INDUSTRIES, INC.**

**Civ. A. No. 75–962.**

United States District Court,
E. D. Pennsylvania.

Aug. 31, 1976.

John R. Howland, Philadelphia, Pa., for plaintiff.

Carter R. Buller, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff, H. Monroe Sutherland (Sutherland), instituted this action pursuant to the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*; he claims that his discharge from employment by defendant, SKF Industries, Inc., (SKF), at the age of 53, after 34 years of service with that company, constitutes discriminatory action, based solely upon his age, in violation of the ADEA. Jurisdiction is grounded upon 29 U.S.C. §§ 626(b) and 216(b), and upon 28 U.S.C. § 1337.

Presently before us is defendant's motion, filed pursuant to Fed.R.Civ.P. 12(b)(1), for dismissal of plaintiff's complaint on the ground that this court lacks jurisdiction over the subject matter of the dispute. SKF cites two points in support of its motion: *first,* that plaintiff failed to file a timely action before the appropriate state agency authorized to grant relief from the alleged discriminatory act, as required by 29 U.S.C. § 633(b); *second,* that he failed to give timely notice to the Secretary of Labor of his intent to file suit under the ADEA, pursuant to 29 U.S.C. § 626(d).[1] Our review and analysis of the briefs submitted in conjunction with the presentation at oral argument, together with our consideration of the entire record before us, has led us to determine that the motion to dismiss must be denied, on the basis of the following facts and legal principles.

## I. PROCEDURAL AND FACTUAL HISTORY OF THE CASE

The controlling facts, read in a light most favorable to plaintiff (as they must be in view of the fact that we are entertaining a motion to dismiss) are as follows:

Defendant SKF is a corporation engaged in the business of manufacturing ball and roller bearings, and is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b). Prior to June 1, 1973, plaintiff had been employed by SKF for a period of 34 years; he last served as a manager in the computer programming area of the company. On June 1, 1973, Sutherland's employment was terminated by SKF; his discharge was characterized as "involuntary retirement". Although plaintiff was advised of his discharge on June 1st, his last day of work, nevertheless, he was paid through July 31, 1973, a period which included five weeks of accrued vacation pay. Plaintiff was 53 years of age at the time of his termination. Several weeks after his discharge, he went to the office of the

---

1. Defendant also argues that plaintiff has not specifically pleaded a ground for subject matter jurisdiction; hence, he urges that the matter be dismissed on this basis. While plaintiff does not specifically allege that jurisdiction is conferred under 28 U.S.C. § 1337, he does maintain jurisdiction is based upon Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and that the action arises under the ADEA, and under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Jurisdiction is thus sufficiently pleaded. *Bachowski v. Brennan,* 502 F.2d 79 (3d Cir. 1974), *rev'd on other grounds,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975).

Employment Standards Administration of the United States Department of Labor (Department) to lodge a complaint against SKF for wrongful termination of his employment, which he states was based solely upon his age. The Department recorded his complaint; neither at that meeting, nor at any time thereafter, did any Department employee inform plaintiff of the requirement that he first file an action under the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*, before the Pennsylvania Human Relations Commission (PHRC); indeed, *plaintiff was not even informed of the fact that such a state agency was in existence, let alone authorized to entertain his complaint.* Plaintiff was led to believe by the personnel of the Department, that he had lodged his complaint in the appropriate forum, and that the agency was authorized to proceed, and would proceed, on his claim of discrimination.

Following Sutherland's visit, the Department investigated his complaint, and determined that SKF had not violated the ADEA; indeed, it found that plaintiff had been discharged in accordance with a bona fide retirement plan, which was in accord with the provisions of 29 U.S.C. § 623(f)(2). Plaintiff was initially told orally of this finding sometime during October, 1973, when he made another visit to the Department. He was subsequently so informed in writing in a letter addressed to him dated November 8, 1973; that letter set forth the Department's finding that there had been no violation, but also relayed to him his right to bring a federal court action after fulfilling the requirements of the ADEA, including notice to the Secretary of Labor of his intent to file suit. Once again, however, plaintiff was not told that the filing

of a state action before the PHRC was a prerequisite to institution of suit in the federal courts.

During this entire period, plaintiff was not represented by counsel; on November 23, 1973, he retained his present attorney who immediately realized that the period within which to give notice of intent to sue was quickly expiring; 29 U.S.C. § 626(d) requires that this notice be given within one hundred eighty days of the alleged unlawful practice.[2] Plaintiff had been discharged on June 1st, and his attorney assumed that the one hundred eighty day period would expire on November 28th. Accordingly, either on November 23rd or 26, 1973, he telephoned the regional office of the Department and spoke to an attorney at that office; he informed the government attorney of his intent to file suit on behalf of Mr. Sutherland, and "inquired whether written notice [of intent to sue] was sufficient if it was only a day or two late." *He was told that "such a minor deviation had never been questioned before and [the attorney] was sure that it would not present a problem." (Affidavit of Thomas S. Howland, at 2). Based upon this representation, plaintiff's counsel filed written notice with the Secretary of Labor on December 3, 1973, a date which was one hundred eighty-five days after June 1st.*

Almost one year later, in October, 1974, plaintiff and his lawyer first learned that the PHRC was a state agency which was competent to hear plaintiff's claim for relief from discrimination allegedly based upon age. On November 4, 1974, plaintiff filed a complaint against SKF with the PHRC. The Pennsylvania Human Relations Act provides, however, that any complaint brought before the PHRC must be

---

**2.** The section provides in full:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after

the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

filed within ninety days of the alleged act of discrimination. 43 P.S. § 959. Accordingly, plaintiff's action before the PHRC was dismissed on December 26, 1974, for lack of jurisdiction. The ensuing action before us was filed on April 3, 1975.

## II. THE CONTENTIONS OF THE PARTIES

### A. *The failure to file a timely state action*

■ Defendant's first argument in support of the motion for dismissal of plaintiff's complaint centers upon Sutherland's failure to file a timely action with the PHRC before initiating suit in this court; SKF avers that the decision of the Court of Appeals for the Third Circuit in *Goger v. H. K. Porter Co.*, 492 F.2d 13 (3d Cir. 1974) makes a prior state action a "jurisdictional prerequisite" to suit in federal court. While we agree with defendant that a timely complaint must normally be filed with the state agency before jurisdiction can vest in a federal court, *equitable considerations in the case at bar convince us that plaintiff should be relieved from the consequences of his neglect in this regard.*

In analyzing this issue, we first parse the provisions of the ADEA. 29 U.S.C. § 633(b) states the following in relevant part:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated
>
> . . . . .

In *Goger v. H. K. Porter Co.*, *supra*, this section was construed to *require* that an aggrieved individual initially bring an action under state law before instituting suit in federal district court under the ADEA,

when such state law provides relief from discrimination based upon age.[3] *Goger* presented a situation substantially similar to the case at bar: following her discharge by her New Jersey employer, Virginia Goger had filed a notice of intent to sue with the Secretary of Labor, and the Department had attempted to conciliate the matter. This effort was not successful, and the Department compliance officer assigned to the case informed Ms. Goger that she was free to institute an action in federal court. Ms. Goger never brought an action before the New Jersey agency authorized to hear her complaint, nor did the Department ever tell her that such a proceeding was required; indeed, the federal compliance officer effectively misled Ms. Goger in this respect by stating that she was free to institute a federal suit after informal conciliation efforts had failed. The district court granted defendant's motion to dismiss based upon plaintiff's failure to bring a prior state action, and she appealed.

The Court of Appeals affirmed the principle that section 633(b) mandates a prior state action, *but vacated the dismissal of the complaint on equitable grounds.* The court noted that section 633(b) does not on its face require a prior state action, and stated:

> While we do not consider the failure to file a timely complaint with the appropriate state agency a mere "technical" omission [citations omitted], we nonetheless consider equitable relief to be appropriate in view of the total absence, to our knowledge, of any judicial decision construing section 633(b) during the period involved here and in view of the remedial purpose of the 1967 Act. In the future, however, we think the Congressional intent that state agencies be given the initial opportunity to act should be strictly followed and enforced.

*See also McGarvey v. Merck & Co., Inc.*, 493 F.2d 1401 (3d Cir. 1974), in which the court again vacated the district court dismissal of

---

**3.** Pennsylvania does have a law prohibiting discrimination in employment based upon age, and an agency (the PHRC) with authority to grant relief from such discrimination. 43 P.S. §§ 951 *et seq.* *McGarvey v. Merck & Co., Inc.*, 493 F.2d 1401 (3d Cir. 1974).

a complaint and granted equitable relief from the requirements of section 633(b) under circumstances which were akin to those in *Goger.*

*We conclude that the instant case presents a factual situation which merits equitable relief from the failure to file a prior state action, under the principles enunciated in Goger and McGarvey. Plaintiff was discharged on June 1, 1973; the Goger case was decided by the court of appeals on January 31, 1974, which was well beyond the 90 day period within which Sutherland was required to file an action before the PHRC. 43 P.S. § 959. While the district court opinions in both Goger and McGarvey were rendered prior to termination of his employment, we do not believe that those decisions from the District Court of New Jersey, should, or could, reasonably have put Sutherland on notice that prior state action was required; such knowledge cannot fairly be charged to plaintiff until the date that the decision of the Court of Appeals was announced, at the very least. By that date, January 31, 1974, plaintiff was already time-barred from presenting any claim before the PHRC.*

In addition, Sutherland's contacts with the Department of Labor did not give him any reason to believe that any state action was necessary before institution of a federal suit; to the contrary, he was led to believe that he was proceeding correctly by seeking relief directly under the ADEA. The facts cry out for equitable relief, just as they did in *Goger* and *McGarvey;* accordingly, defendant's first ground for dismissal of plaintiff's complaint is and will be denied.

*B. The failure to file timely notice of intent to sue*

Defendant's second argument is predicated on the failure of plaintiff to give written notice of intent to sue to the Secretary of Labor within 180 days of the alleged discriminatory act. SKF claims that section 626(d) makes timely notice to the Secretary a jurisdictional prerequisite to suit under the ADEA. Since written notice was not

given to the Secretary until 185 days after plaintiff was informed of his termination on June 1st, defendant claims that the action must be dismissed.

Plaintiff presents four points in opposition to SKF's position: *first,* he argues that under section 626(d)(2), the applicable time period within which notice had to be filed was not 180 days, but rather was 300 days; *second,* he contends that, even if the 180 day period is held to apply, the date of the alleged act of discrimination was not June 1, 1973, the date that Sutherland was notified of discharge and also his last day of work, but rather was July 31, 1973, the time period through which he received compensation; *third,* plaintiff avers that the Secretary did in fact receive notice within 180 days of June 1, 1973, by reason of the telephone call made by plaintiff's counsel to the Department of Labor seeking to ascertain if written notice filed a few days late, would constitute effective notice to the Secretary that plaintiff intended to sue under the ADEA; *fourth, and finally,* plaintiff claims that irrespective of the date of notice, the thrust of section 626(d) has been satisfied in the case at bar, because both the Secretary and the defendant had notice of plaintiff's complaint well before the expiration of the 180 day period.

We need not resolve the first two issues, for defendant's argument must be rejected based upon our determination of the third and fourth points; focus upon the *particular facts before us,* and cognizance of the remedial purposes of the ADEA, satisfies us that the telephone call of plaintiff's counsel to the Department on November 23rd or 26th constituted sufficient notice of intent to sue under the statute. Therefore, assuming, *arguendo,* that the 180 day time limit applies, and that the meter began to run on June 1, 1973, we find that the notice of intent to sue was nevertheless timely, even though that notice was oral, and was followed by *untimely.* written notice.

In reaching this conclusion, we do not hold that oral notice is always sufficient; to the contrary, we believe that written notice is normally required under section 626(d).

*However, First, the section does not explicitly require written notice; Second, plaintiff's counsel relied upon the representation of a Department attorney that written notice was sufficient although it was a few days late; and Third, defendant has not been prejudiced by the late filing of written notice; therefore, considerations of equity direct that we give full weight to oral notice in the case at bar.*

*(i) Oral vs. Written Notice Under Section 626(d)*

■ 29 U.S.C. § 626(d), which requires that notice of intent to sue be given to the Secretary of Labor within 180 days of the alleged violation, does not by its terms mandate that such notice be in any particular form, nor that it necessarily be in writing; the legislative history of the ADEA gives us no guidance in this respect—there is no requirement that notice must be in writing. *See* 1967 U.S.Code Cong. & Adm.News, p. 2213. The Department has stated in an opinion letter that notice should be in writing, but this direction is not unequivocal; to the contrary, the statement reads as follows:

> No particular form is necessary in order to notify the Secretary of Labor of an intent to file suit under the Age Discrimination in Employment Act. However, such notice should be provided in writing and properly addressed to the Department of Labor. Administrative Opinion signed by Assistant Secretary of Labor Donahue, August 26, 1968; FEP manual 401:5213.

In *Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911 (N.D.Ga.1973), the court was confronted with a situation akin to that before us; it construed the Department opinion letter to encourage, albeit not demand, that notice of intent to sue be in writing. In holding that oral notice was sufficient under section 626(d), it stated:

> The construction of a statute by the government agency charged with its enforcement is entitled to great weight. [citations omitted]. But in this case, the court is uncertain what the Labor De-

partment has said. The language in the opinion [letter] could mean that any type notice is acceptable, as long as it is in writing *or* it might mean that any type notice is acceptable, although written notice is desirable. The opinion is ambiguous . . .. *Id.* at 914.

The *Woodford* court noted the similarity of the ADEA to Title VII of the 1964 Civil Rights Act, *and emphasized that both statutes were remedial in nature, and that Title VII had been consistently construed to provide maximum protection to those whose rights it had been created to protect.* Specifically, the court declared:

> The [ADEA] is remedial and humanitarian in its nature as is Title VII. Courts construing Title VII's procedural limitations have been extremely reluctant to allow technicalities to bar claims brought under that statute. Limitations which would take away a right from one for whom the statute was enacted have been required to be express and not subject to varying interpretations. [citations omitted]. In fact, courts confronted with procedural ambiguities in Title VII's statutory framework have with virtual unanimity resolved them in favor of the complaining party. [citation omitted]. In light of this well-established judicial approach to this type of legislation and the fact that written notice is not expressly required by the Act, this court holds that, although written notice may be desirable, the notice to the Secretary of Labor required by 29 U.S.C. § 626(d) need not necessarily be in writing. *Id.* at 914–15.

We agree with the *ratio decidendi* of the *Woodford* court. We need not, and should not rewrite the legislation enacted by Congress, in construing section 626(d); while notice of intent to sue in writing may be desirable, the statute is ambiguous in this respect. It is, perhaps, unfortunate that Congress did not choose to be more explicit as to the form of notice required under the statute; indeed, corrective legislation which would specifically provide that notice filed pursuant to section 626(d) must be in writing would be controlling, and would give us

unambiguous guidance. However, in the absence of such a corrective amendment, we will not impose the strict requirement of written notice, *particularly when oral notice was given within the 180 day period, under circumstances in which the Department affirmatively misled plaintiff with respect to the importance of giving timely written notice; indeed, written notice was filed only five days after the expiration of the 180 day period; thus, to demand timely written notice in the instant case would be a distortion that would result in convoluted form triumphing over rational substance.*

*(ii) The Phone Call and The Departmental Representation*

■ Although oral notice may be permitted under the statute, we must still determine *whether such notice was in fact given* in this case. The affidavit of Thomas Howland states that *he did not call the Department for the purpose of giving notice of intent to sue;* rather, he believed that the 180 day period was about to expire, and he wanted to determine whether written notice could be filed several days later without adverse consequences to his client. In response to this inquiry, the *Department attorney* to whom Mr. Howland spoke informed him that notice filed only a few

days late would present no problem. This advice was incorrect; timely notice of intent to sue has been held in numerous cases to be a jurisdictional prerequisite to federal suit under the ADEA. *See, e. g., Hiscott v. General Electric Co.,* 521 F.2d 682 (6th Cir. 1975); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485 (5th Cir. 1974); *Brohl v. Singer Co.,* 407 F.Supp. 936 (M.D. Fla.1976); *Gebhard v. GAF Corp.,* 59 F.R.D. 504 (D.D.C.1973).[4] Mr. Howland, however, relied upon the information given to him by no less a person than an attorney for the Department, and filed written notice on behalf of Sutherland on December 3, 1973; this date was, as noted, 185 days after plaintiff's discharge by SKF.

Focusing upon the *content* of the telephone conversation between Mr. Howland and the Department attorney, Mr. Howland's affidavit reveals that upon calling the Department on November 23rd, or November 26th, he identified himself, advised the Department that he represented Mr. Sutherland, and also informed the appropriate person that he intended to file suit under the ADEA; Mr. Howland then inquired about the timing of the notice. Thus, although Mr. Howland did not intend the phone call to constitute notice, that conversation, nevertheless, gave all of the

---

4. *But cf. Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. July 22, 1976). *Dartt* presented a factual situation somewhat similar to that in the instant case, *although the critical element of the telephone call to the Department was not present in Dartt.* In that case the plaintiff had filed a complaint with the Department following her discharge from employment; she was told by the Department representative that her complaint would be investigated, and that this investigation "might take a year". She did nothing further until seven months after her discharge, when the Department notified her that the investigation had been delayed, and informed her for the first time of her right to bring a private federal action, and of the 180 day notice period (which had, by that time, of course, already expired). She then retained counsel, and written notice of intent to sue was immediately filed. The district court, however, dismissed the action for failure to comply with the notice provisions of section 626(d). The Court of Appeals reversed.

The court held that the 180 day notice requirement was not a "jurisdictional prerequi-

site" to a federal suit, but rather was analogous to a statute of limitations, and as such, could be extended for equitable reasons.

While recognizing that many courts had referred to the notice requirement as "jurisdictional", the court in *Dartt* nevertheless concluded that the statute was subject to equitable tolling and estoppel. The court noted that several courts which had employed the term "jurisdictional", had in fact indicated that equitable tolling of the notice period might be proper in certain circumstances. *E. g., Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195 (5th Cir. 1975).

We need not and do not determine whether we can, or should equitably extend the 180 day period in the matter before us, because of our finding that notice, albeit oral notice, was actually given within the 180 days. Nevertheless, the broad interpretation given to section 626(d) by the *Dartt* court, consonant with the remedial nature of the ADEA, supports the broad reading which we have given to that section in the case at bar.

necessary information required under the statute to the Department.

Therefore, because, *First,* there was an active misrepresentation by the Department as to the effect of untimely notice; *Second,* the written notice conceivably would have been timely, absent that misrepresentation; and *Third,* the telephone call conveyed to the Department all the information required under section 626(d), we find that telephone call sufficient to constitute notice of intent to sue under the ADEA.[5] *Cf. Goger v. H. K. Porter Co.,* 492 F.2d 13 (3d Cir. 1974); *McGarvey v. Merck & Co., Inc.,* 493 F.2d 1401 (3d Cir. 1974); *Vaughn v. Chrysler Corp.,* 382 F.Supp. 143 (E.D.Mich.1974).

### (iii) Lack of Prejudice to the Defendant

█ Finally, we reject defendant's contention that notice was untimely based upon our finding that defendant has not been prejudiced by the fact that written notice was not filed until December 3; the primary purpose of section 626(d) has been fulfilled in this case. In *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 488 (5th Cir. 1974), the court stated the following with respect to the Congressional intent in enacting this section:

> It is logical that the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination since the notice goes from the Secretary of Labor on to the employer involved. In turn this would *promote the good faith negotiation of employers during the 60 day conciliation period* and provide an opportunity for preservation of evidence and records for use at a trial necessitated

by failure of negotiation. (emphasis supplied).

In the present action, both the Department and defendant had actual notice of plaintiff's complaint well before the expiration of the 180 day period, as a result of plaintiff's visit to the Department several weeks after his discharge. *In fact, based upon that visit, the Department commenced conciliation efforts with defendant, which proved to be unsuccessful.* Therefore, after the Department received written notice on December 3rd of plaintiff's intent to file suit, the Department notified SKF, as follows, by letter dated December 11th:

> This is to notify you that Mr. H. Monroe Sutherland has advised me that he intends to bring suit against SKF Industries, Inc. . . . to seek relief [under the ADEA]. As you are aware Compliance Officer Thomas Johnson . . . visited your establishment recently in an effort to resolve the instant matter thru means of conciliation, conference and persuasion. Needless to say his efforts were unsuccessful. In view of this and the notice of Mr. Sutherland's intent to sue, the U.S. Department of Labor will take no further action in this matter. (Exhibit B to Affidavit of Ralph C. Palmer).

*Thus, at the time that plaintiff filed written notice, SKF was aware of Mr. Sutherland's claim of discrimination,* and *the Department had already attempted to conciliate the matter.* The written notice served the purpose of informing the Department, and subsequently the defendant, of plaintiff's intention to pursue his remedy in federal court; *it did not, however, serve to initiate conciliation efforts, which is the main thrust of section 626(d)—that procedure had already been concluded.*

---

**5.** In *Hays v. Republic Steel Corp.,* 531 F.2d 1307 (5th Cir. 1976), the court was confronted with a factual situation in which appellant telephoned the Department and stated that he "wanted to do something" about his age discrimination claim. The Department representative to whom he spoke *told him that written notice would have to be filed within a few days, since the time under the ADEA was running out.* Written notice was prepared, but due to a sud-

den illness of appellant, was not filed. The court held that the plaintiff's phone call to the Department did not constitute notice under section 626(d), and upheld the dismissal of that appellant's claim. *Hays,* however, is clearly distinguishable from the case before us; we are faced squarely with a situation in which a plaintiff detrimentally relied upon a Department misrepresentation, a crucial fact which was not before the *Hays* court.

We do not suggest that notice pursuant to section 626(d) becomes irrelevant when as in the instant case, the Department has informally attempted to resolve the matter before notice is filed; to the contrary, we have noted that fulfillment of the requirements of this section is, at the very least, a condition precedent to suit. See Section II(B)(ii), *supra. We find, however, that defendant has not been prejudiced by plaintiff's failure to file written notice until 185 days after his discharge; this, in turn, is buttressed by the fact that the phone call of November 23rd or 26th was proper notice under the ADEA for jurisdictional purposes.*

While we agree that written notice of intent to sue should normally be required under the ADEA, we believe *that the oral notice given in this case meets the requirements of section 626(d) under the particular facts before us.* Accordingly, we reject defendant's second ground for dismissal.

## III. CONCLUSION

Thus, we conclude: *First,* that plaintiff should be relieved of the consequences of his failure to file a timely state action pursuant to 29 U.S.C. § 633(b), under the principles enunciated in *Goger v. H. K. Porter, Co., supra,* and *McGarvey v. Merck & Co., Inc., supra; and Second,* that plaintiff has filed timely notice of intent to sue pursuant to 29 U.S.C. § 626(d), despite the fact that this notice was oral. The defendant's motion to dismiss the complaint for lack of subject matter jurisdiction will therefore be denied, and defendant is instructed to file an answer to the complaint within twenty days. An appropriate Order will be entered setting forth time frames within which this matter will be ultimately determined.