Joseph B. NEWCOMER,
Plaintiff-Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,
Defendant-Appellee.

No. 78–3442
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 12, 1979.

John W. Gibson, Fred L. Lester, Jr., Atlanta, Ga., for plaintiff-appellant.

King & Spalding, Charles L. Gowen, William A. Clineburg, Jr., L. Joseph Loveland, Jr., Atlanta, Ga., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Newcomer filed an age discrimination suit. Summary judgment was granted for IBM on the ground that Newcomer had failed to satisfy the notice requirements of 29 U.S.C. § 626(d)(1).

In 1975, when Newcomer first wrote the Department of Labor, § 626(d)(1) provided that one could not file a civil action until he had given the Secretary 60 days' notice, filed within 180 days after the alleged unlawful practice occurred. At no time did he file with the Secretary a formal

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

notice of intent to sue, and the district court granted summary judgment for this reason. The notice of intent to sue is a jurisdictional prerequisite to suit.[1] Newcomer seeks to escape this bar on the basis of *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911, 914–15 (N.D.Ga., 1973), which holds that the required notice need not be written and that if an employee merely notifies the Department of Labor within the 180-day period that he had been discharged because of age discrimination, he had given sufficient notice of intent to sue. *Woodford* is inconsistent with *Powell*, n. 1, *supra,* in which we held:

> We reject appellant's argument that her June 16, 1970 letter asking the Secretary to sue in her behalf constituted notice. Notice of a desire that an agency of the federal government commence litigation on one's behalf simply does not equate with notice of such an individual's personal intent to commence a private lawsuit.

494 F.2d at 485. In none of Newcomer's letters to the Department of Labor did he ever indicate that intention to file a civil discrimination suit against IBM. *See also Thomas v. E.I. DuPont de Nemours & Co., Inc.*, 574 F.2d 1324, 1330 (CA5, 1978). *Woodford* has been criticized in other circuits. *See Reich v. Dow Badische Co.*, 575 F.2d 363, 368 and cases cited (CA2, 1978), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1979).

Newcomer seeks to distinguish *Powell* because the plaintiff in *Powell* was expressly informed by the Department of Labor of the notice requirements while in the present case there was a conflicting fact question on this issue. However, it is undisputed that Newcomer was aware of the 180-day notice requirement.

■ Second, Newcomer relies upon the 1978 amendments to § 626(d)(1) as merely clarifying Congress's intent when it passed the original version of that section. This argument misses the mark because the 1978 amendments concern equitable tolling of the time period for filing notice, not the waiver of the notice itself. Here our concern is not timely filing but total lack of notice.

The summary judgment was proper. AFFIRMED.

1. *E. g., Quina v. Owens-Corning Fiberglass Corp.*, 575 F.2d 1115 (CA5, 1978); *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (CA5, 1974).