**James M. MOORE et al., Plaintiffs,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Defendants.**

**Civ. A. No. 79–9–ATH.**

United States District Court, M. D. Georgia, Athens Division.

Oct. 22, 1980.

James W. Smith, Howard Tate Scott, Athens, Ga., for plaintiffs.

Eugene A. Epting, Erwin, Epting, Gibson & McLeod, Athens, Ga., D. L. Rampey, Jr., U. S. Atty., S. Elizabeth Conlin, Asst. U. S. Atty., Macon, Ga., for defendants.

OWENS, Chief Judge:

The issue before this court is whether non–prior service enlistees in a non–pay status are covered under Servicemen's Group Life Insurance (SGLI) for the period running from the date of their enlistment to the date on which they begin their Initial Active Duty Training (IADT).

For reasons stated below, it is the opinion of this court that they are so covered and consequently that the plaintiffs in this case are entitled to $20,000 (minus premiums due) as the rightful beneficiaries of the SGLI policy ( # 632000) on the life of Danny Moore. The insured was a non–prior service enlistee in a non–pay status. He had enlisted on August 27, 1977 and was at that time assigned to the 178th Military Police Company, a unit of the Georgia Army National Guard. At the time of his

death, November 21, 1977, he was awaiting orders to attend his IADT.

Resolution of this case depends on a determination of whether non–prior service enlistees, like Danny Moore, who are in a non–pay status are insured under the SGLI program (38 U.S.C.A. § 765 *et seq.*) for the period running from the date of their enlistment to the date on which they begin their IADT. The parties have cited two main issues involved in making this determination. The first is whether Danny Moore was a "member" of the Ready Reserve, as only members are automatically insured under the program. The second issue is whether the insurance was "effective" within the meaning of 38 U.S.C.A. § 767(a).

As to whether the deceased was a "member" of the Ready Reserve the applicable section is 38 U.S.C.A. § 765(5)(B):

[The *term* "member" means] a *person* who volunteers for assignment to the Ready Reserve of a uniformed service and is assigned to a unit or position in which he may be required to perform active duty, or active duty for training, and each year will be scheduled to perform at least twelve periods of inactive duty training that is creditable for retirement purposes under chapter 67 of title 10 . . . .

The defendants contend that Moore did not meet the last qualification in this definition of "member." Under 32 C.F.R. § 102.4(c) (1978), non–prior service personnel such as the deceased are assigned to a "no training" status until such time as they enter the IADT, at which time they will be assigned to a training and pay category. Because, at the time of his death, Moore was not–and could not have been–scheduled to perform "at least twelve periods of inactive duty training that is creditable for retirement purposes" he was not, under the defendant's interpretation of this requirement, qualified for SGLI coverage. This interpretation–that Moore would have had to have been scheduled to perform the periods of Inactive Duty Training (IDT) *at the time of his death* –does not appear to be a proper reading of § 765(5)(B). A person is a "member" under this section if he (a) volunteers for assignment . . . , (b) is assigned . . . , and (c) *will be* scheduled . . . . The defendants seem to be saying that because at his death Moore did not qualify to be scheduled, he was not in a position of one who *will be* scheduled. However, this last requirement is phrased in the future tense, and it is entirely possible for a person to be, at the same time, presently unqualified to be scheduled and yet in a position in which he *will be scheduled* in the future. Given this interpretation, Moore would have been, at his death, a "member" under § 765(5)(B).

The second issue involved in determining if Moore was insured at the time of his death is whether the insurance was "effective" within the meaning of 38 U.S.C.A. § 767(a). The defendants contend that even if Moore was a "member," coverage was not effective at the time of his death. Under section 767(a), SGLI coverage is effective on either: (1) the first day of active duty or active duty for training, or (2) the first day a member meets the section 765(5)(B) qualification, or (3) the date certified by the Administrator as the date SGLI takes effect, *whichever is the later date.* A strict reading of this section would seem to bar the plaintiff's recovery, since Danny Moore never made it to this "later date," i. e., the first day of his IADT.

Such a reading, however, is inconsistent with the way those who *did* make it to the later date were treated. Members who entered IADT ended up paying for insurance coverage from the time of their enlistment until the time of their entry on IADT. If, as the defendants contend, the insurance was not effective during this period from enlistment to IADT, then why were those who made it to IADT required to pay premiums for this period? This interpretation would place the insurer in an attractive position. If a person lived to his IADT the insurance company got the premiums (for this period from enlistment) from his National Guard paychecks and, obviously, paid no benefits. If, as in Danny Moore's case, he died before entering IADT, the insurance company paid no benefits on the theory that no premiums had been paid at the time of his death.

In addition, section 769(a)(4) seems to support the position that enlistees are covered from the date of enlistment. This section provides: "Any amount not deducted from the basic or other pay of a member insured under SGLI, or collected from him by the Secretary concerned, if not otherwise paid, shall be deducted from the *proceeds* of any insurance thereafter payable." (emphasis added.) This section would seem to give the insurer a means of collecting the premiums from those who were not yet receiving a paycheck and thus, could not pay premiums in accordance with § 769(a)(1), (2), or (3).

To summarize, in view of (1) what seems the better interpretation of § 765(5)(B); (2) the fact that those entering IADT were actually charged premiums for the period dating from their enlistment; and (3) the timing of the Veterans Administration letter giving a "definitive" statement on whether or not there was coverage (the letter appeared in March '78, four months after Moore's death) it seems that the plaintiffs are entitled to receive the benefits payable under the policy—minus premiums due from the date of enlistment to date of death.

In addition to the two main issues discussed above, the defendants offered several other arguments in support of their position:

(1) *Granting coverage would be discriminatory as against those in the "delayed entry program."* The plaintiff answers that Congress was aware of the different treatment of the active duty and active duty for training individuals and provided for four separate effective dates for the different types of members in 38 U.S.C.A. § 767(a).

(2) *Great weight should be given to the VA's interpretation of the statute.* (citing *Brennan v. Greene's Propane Gas Service Inc.,* 479 F.2d 1027, 1031 note 13 (1973); *Woodford v. Kinney Shoe Corporation,* 369 F.Supp. 911, 914. (1973)) In response, the plaintiff points to the timing of the VA's letter (four months *after* Moore's death) and the language of 38 U.S.C.A. § 785.

(3) *Bush v. Hoffman (unreported memorandum and order from the District Court for the Eastern District of Michigan) should govern.* The facts of this case are very similar to the present case except that in *Bush* the "delayed entry program" was involved and the deceased in *Bush* had previously served in the army.

IT IS THEREFORE ORDERED that Defendants Prudential Insurance Company of America and United States of America are jointly and severally liable under the group life insurance policy # 632000 covering the life of Danny Moore, in the amount of $20,000.00 plus interest from March 1, 1978 (minus premiums due), to plaintiffs who are the rightful beneficiaries under the said policy.