Judith A. PORTER, Individually, as Executrix of the Estate of Richard D. Porter, Deceased, and as Representative of Minor Children Daniel Allen Porter and David Drew Porter, Plaintiff,

International Paper Company, Intervenor,

v.

BELOIT CORPORATION and Papco, Inc., Defendants.

Civ. A. No. W86–0040(B).

United States District Court, S.D. Mississippi, W.D.

Aug. 14, 1987.

Christopher A. Shapley, R. Wilson Montjoy, II, Jackson, Miss., for plaintiff.

John L. Low, IV, Michael W. Ulmer, Jackson, Miss., Kirk G. Forrest, R.E. Parker, Jr., Vicksburg, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motion of Defendant Papco, Inc. for Summary Judgment. Papco is a wholly-owned subsidiary of International Paper Company ("IP"), which was the employer of Plaintiff's decedent. The question presented is whether Papco is entitled to the same protection of exclusivity of the workers' compensation remedy as is IP. In this case of first impression under Mississippi law the Court finds that the subsidiary Papco is a separate and distinct corporation and may not be considered the "employer" of the Plaintiff's decedent. The suit against Papco is not barred by the exclusivity of a workers' compensation remedy, thus rendering the issue inappropriate for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The relevant facts are these. The Plaintiff's decedent worked for IP in its paper manufacturing plant in Redwood, Mississippi. On October 24, 1985, Porter was standing on a platform above a paper machine when the bolts in the platform gave way. The platform and Porter fell into the paper machine and Porter was killed. Defendant Beloit Corporation designed the paper machine, including the platform and supporting structure. The Plaintiff alleges that Papco, a subsidiary of IP which handles construction work for IP, in installing the bolts in question, drilled smaller sized bolt holes and installed smaller sized bolts for the platform than specified by Beloit. Plaintiff claims Papco was negligent in either drilling the holes too small or failing to use larger and stronger bolts in assembling the platform.

Papco contends that as a wholly-owned subsidiary of IP, it "is the same" as the employer IP and, therefore, the Plaintiff's claims as a matter of law are barred by the Exclusiveness of Remedies provision. *See Miss. Code Ann.* § 71–3–9 (1972). In effect Papco is attempting for its defense to pierce its own corporate veil.

Papco contends that although it is a separate corporation, IP owns all its stock, controls the business of Papco by directing it where to work and what work to perform, conducts all financial operations, and pays all Papco paychecks. By affidavit and deposition Papco asserts it does not conduct any business outside of construction jobs for IP; Papco has no assets; Papco uses tools furnished by IP for its jobs; Papco projects are now supervised by an IP mill manager or IP construction manager; Papco has six directors on its board, four of whom are employees of IP; and IP and Papco are covered by the same workers' compensation system wherein IP is self-insured.

The Plaintiff also looks at the relationship of the parent and subsidiary. Plaintiff states that the two corporations are engaged in different business activities and Papco qualified to do business in Mississippi as an independent corporation with its own agent for service of process. Plaintiff contends that IP is not involved in the day-to-day details of Papco's work and does not sufficiently control Papco. Plaintiff focuses on the fact that in 1965–1967 there was a construction contract between IP

and Papco for the construction and installation of the subject paper machine. This construction contract included a hold harmless clause in which Papco assumed liability for any and all damage whatsoever, including death, to all persons arising out of the performance of this contract. Construction Contract Art. 7.0. IP paid Papco a profit for this construction contract. Plaintiff contends this establishes Papco's identity as a separate and distinct corporation.

In Mississippi a corporation is a creature of the law and it is a legal personality separate and distinct from its shareholders. *United States v. State Tax Commission*, 505 F.2d 633, 637 (5th Cir.1974). The fact that one entity owns all the stock in the other is not determinative of whether the corporate fiction may be disregarded. *Id.; Overstreet v. Southern Railway Company*, 371 F.2d 411, 412 (5th Cir.1967). Mississippi follows the general rule of corporate law that, absent exceptional circumstances, parent and subsidiary corporations shall be recognized as separate entities; a corporate veil will be pierced only to avoid fraud or to avoid a subversion of justice. *See St. Paul Fire and Marine Insurance Company v. Vest Transportation Company, Inc.*, 666 F.2d 932, 939 n. 9 (5th Cir. 1982); *FMC Finance Corporation v. Murphree*, 632 F.2d 413, 421–22 (5th Cir.1980); *North American Plastics, Inc. v. Inland Shoe Manufacturing Company, Inc.*, 592 F.Supp. 875, 878 (N.D.Miss.1984); *T.C.L., Inc. v. Lacoste*, 431 So.2d 918, 922 (Miss. 1983). The parties have presented no evidence suggesting that the subsidiary's corporate identity should be disregarded because of fraud or injustice. This Court has found no pertinent cases in which a subsidiary has attempted to pierce its own corporate veil in order to be identified with its parent. IP and Papco have chosen to conduct their operations as parent and subsidiary corporations for whatever advantages that may hold. The corporations have accepted the advantages and they must also be subject to the disadvantages of conducting business as separate corporations. *See* 1 W. Fletcher Cyclopedia for Corporations, § 43.50 (rev. perm. ed. 1983); *see also Boggs v. Blue Diamond Coal Company*,

590 F.2d 655, 662 (6th Cir.1979). The Motion and facts do not present a proper question of piercing the corporate veil because the subsidiary is being sued for its own acts of alleged negligence rather than for acts of the parent.

Courts have held that an employee of a subsidiary may sue the parent corporation as a third party for acts of the parent, and these suits are not barred by the workers' compensation remedy. *See Boggs v. Blue Diamond Coal Company*, 590 F.2d 655, 661–63 (6th Cir.1979) ("under Kentucky Workmen's Compensation Act a parent is not immune from tort liability to its subsidiary employees for its own, independent acts of negligence"); *Mitchell v. Shell Oil Company*, 579 F.Supp. 1326, 1331 (D.Mont. 1984); *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F.Supp. 314, 325–26 (C.D.Cal. 1980), *remanded on other grounds, Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431 (9th Cir.1983); *see also* 2A Larson, *Workmen's Compensation Law*, § 72.4 (1983). The Court holds that the same reasoning should be true for an employee of a parent to sue a separate subsidiary for alleged negligent acts of the subsidiary.

Furthermore, in *Index Drilling Company v. Williams*, 242 Miss. 775, 137 So.2d 525, 528 (1962), the Mississippi Supreme Court held that the related activities of five corporations would not warrant disregard of their separate corporate entities in view of the Mississippi Workers' Compensation Act. In *Index Drilling* two partners owned five corporations that had related activities. An employee of one of the corporations was injured and received workers' compensation benefits, but he sued another of the corporations (Index) for negligence in causing the accident. The Mississippi court held that Index was not his employer so the Plaintiff had a right to sue Index as a third-party tortfeasor without a bar of the exclusivity of workers' compensation. *Index Drilling*, 137 So.2d at 529. This Court finds that the Mississippi Supreme Court would follow this same reasoning if presented with the facts of this case and would hold that an employee of a parent corporation can sue a subsidiary for

negligent acts of the subsidiary without bar by the Workers' Compensation Act.

Although there might be a genuine issue of material fact if this Motion properly presented a question of piercing the corporate veil, the disputed facts are not material to the question raised. Defendant Papco is not entitled to judgment as a matter of law that it is the same entity as the employer IP. Since Papco was not an "employer" of the Plaintiff's decedent, suit against Papco is not barred by exclusivity of the workers' compensation remedy and the Court must deny Defendant Papco's Motion for Summary Judgment.