Leo James **SAUNDERS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15051.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1970.

An appeal from the District Court of Payne County; Robert L. Hert, Judge.

Leo James Saunders was convicted of Shooting with Intent to Kill, sentenced to 6 years imprisonment, and appeals. Affirmed.

Daniel D. Draper, Jr., Stillwater, Court-appointed, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

The plaintiff in error, Leo James Saunders, hereinafter referred to as defendant, was charged by information in the District Court of Payne County, Oklahoma with the crime of Shooting with the Intent to Kill. Specifically, it was alleged that defendant shot his wife, Lynda Saunders, with a .22 caliber revolver.

The incident occurred on March 25, 1967, in Payne County. The defendant was also injured in the incident and taken to a local clinic. The next day, March 26, 1967, defendant was taken by ambulance to the University Hospital in Oklahoma City, where he was guarded by a Payne County Deputy Sheriff. On the next day, Monday, March 27, 1967, defendant was placed in a locked room at the hospital until released to Payne County Officers.

On April 6, 1967, an information was filed charging defendant with Shooting with Intent to Kill. On April 10, 1967, defendant was discharged from the hospital and was at that time arrested by a Payne County Deputy Sheriff who returned him to Payne County where he was brought before a magistrate. Preliminary hearing was conducted on April 20, 1967, at which time defendant was bound over to the district court for trial.

On November 20, 1967, the defendant filed an application for sanity examination. The court sustained the application and sent defendant to Griffin Memorial Hospital at Norman, Oklahoma, for examination as to sanity. The State Hospital physicians found the defendant knew the difference between right and wrong and was able to assist counsel in his defense.

The trial was conducted on June 12, 1968, and on the same day the jury returned a verdict of guilty as charged and fixed the punishment at six years impris-

onment. Motion for new trial was overruled and judgment and sentence was imposed in accordance with the jury verdict on June 20, 1968, and a timely appeal perfected.

The evidence indicates that the victim and defendant got out of a car and were talking when the defendant was observed to have pulled a gun. The victim started running across the street and the defendant fired at her with two bullets striking the victim in the head. Defendant was then knocked to the ground by a witness, Ralph Brake, brother of the victim. The evidence of the shooting by the defendant is quite clear.

The evidence also shows that the defendant suffered from epilepsy since 1951 until the time of the shooting and was taking medication for said condition. Defendant and the victim were married in 1959 and lived in California. There were some periods of separation involved with the victim residing in Oklahoma and defendant in California. Defense evidence showed that the defendant was concerned with the safety of his children who were residing with his wife, who was staying with her brother and sister-in-law in Payne County.

■ It is defendant's first assignment of error that the delay in bringing him before a magistrate is grounds for reversal. Defendant argues that he was arrested on March 25, 1967, and held in custody at the University Hospital for twelve days without a charge being filed and not taken before a magistrate until April 10, 1967. There can be no doubt that the law of this State requires that a defendant in all cases must be taken before a magistrate without unnecessary delay. 22 O.S.1961, § 181. Brown v. State, Okl.Cr., 384 P.2d 54. However, the determination of an unnecessary delay which would constitute denial of substantial rights depends upon the circumstances and facts of each case. Luttrell v. Freeman, Okl.Cr., 444 P.2d 857. In the instant case, it is quite obvious that as the defendant was confined to a hospital bed during the period of the delay, it was im-

possible to immediately bring him before a magistrate as required by statute. Undoubtedly this must be considered as a reasonable and necessary delay. See also, Gassway v. State, Okl.Cr., 448 P.2d 284 (1968), and In re Dare, Okl.Cr., 370 P.2d 846 (1962).

It is defendant's second contention that the evidence did not support the conviction for shooting with intent to kill in that the necessary intent was not shown by the evidence. Defendant argues that the statute under which he was convicted, 21 O.S.1961, § 652, requires intent as a necessary element and that a person who is insane at the time of his act cannot form the requisite intent and thus is not liable for punishment under 21 O.S.1961, § 152(4). Although it is true that there was evidence from a medical doctor that the defendant was, in his opinion, insane at the time of the shooting, the record also contains testimony by other medical doctors who had examined the defendant that he was sane in the legal sense of the word and competent to stand trial. This Court held in Gonzales v. State, Okl.Cr., 388 P.2d 312 (1964):

"The weight and credibility of the opinion of an expert witness is a question for the determination of the jury."

Thus defendant's insanity was an issue for the jury to weigh and the determination of the jury, where there is competent evidence to support its finding, will not be overturned on appeal. Williams v. State, Okl.Cr., 373 P.2d 91 (1962). Kelly v. State, Okl.Cr., 415 P.2d 187.

It is defendant's further assignment of error that it was prejudicial for the alleged victim to be seated in the audience at the trial accompanied by a uniformed officer at all times, in full view of the jury. Defendant cites no authority for this proposition but refers to those authorities holding that shackling the defendant in the presence of the jury was unduly prejudicial.

Undoubtedly the presumption of innocence must be upheld throughout a criminal trial. However, in the instant case, there is nothing in the record to indicate the truth of defendant's contention that the victim was accompanied by a uniformed officer while seated in the audience at the trial, nor does the record indicate that defendant made any objection to such a condition which would allow the trial court opportunity to correct any prejudicial circumstances. We therefore must conclude that the record does not support defendant's contention and that any error was waived by his own inaction. Hill v. State, 9 Okl.Cr. 629, 132 P. 950 (1913).

It is defendant's final contention that it was error for the trial court to sustain the prosecutor's objection on cross-examination of witnesses concerning the type of home in which defendant's children resided. Defendant argued that the line of cross-examination was directly related to the defendant's concern for the well being of his children. We have carefully examined the record, particularly those portions where the trial court sustained the prosecutor's objection to defense counsel's cross-examination and we cannot hold that the trial court's rulings were clearly erroneous. Defendant's concern for his childrens' well-being had already been brought out in the evidence and it is doubtful that defendant's attempted cross-examination could have substantially added to the evidence or substantially altered the finding of the jury. We therefore find that this assignment of error is without merit.

Having reviewed the record we find that the evidence supports the verdict of the jury, and that defendant's assignments of error do not support reversal or modification. The judgment and sentence is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.