**Murray PRICE and Willie L. Bradwell, Plaintiffs,**

v.

**The MARYLAND CASUALTY COMPA-NY and the American General Life Insurance Company, Defendants.**

**Civ. A. No. 4845.**

United States District Court,
S. D. Mississippi,
Jackson Division.

Sept. 27, 1972.

Dixon L. Pyles, Jackson, Miss., for plaintiff.

Thomas H. Watkins, Jackson, Miss., for defendants.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

On March 9, 1971, Murray Price, a resident of Jackson, Mississippi, filed his two count action against the two above named insurance companies, charging violations of the Age Discrimination Act, 29 U.S.C.A. § 621 et seq., seeking injunctive relief and monetary damages, including punitive damages, as a result of being given an "early retirement" from his employment as a Marketing Representative "A" with Maryland Casualty Company. On June 15, 1971, plaintiff moved to permit the joinder of Willie L. Bradwell as a plaintiff, and a class of employees between the ages of 40 and 65 years who have been discharged or compelled to accept early retirement from the employ of the defendants in violation of the aforesaid Act. On September 7, 1971, the Court heard argument on the motion and directed that Willie L. Bradwell be allowed to intervene on a stipulation of the parties that he had given notice to the Secretary of Labor as required by Section 626(c) and (d).

No order appears to have been furnished the Court or entered in the record. Meanwhile both defendants have filed their answers to the original complaint and both parties have begun the taking of depositions. On June 1, 1972, upon motion of the defendants, this Court rendered a protective order, approved by plaintiff, directing that depositions of representatives of American General Life Insurance Company be deferred, and further directing that officers and representatives are not required to furnish information or documents pertaining to any former employees of said company other than plaintiff, Murray Price, unless and until an order is entered authorizing a class action. The Court has recently heard another motion by defendants for a protective order, at which plaintiff took the position that any ruling on the protective order is premature until the Court rules on the propriety of a class action.

The Court has again reviewed the Age Discrimination Act, particularly 29 U.S. C.A. § 626(b), (c) and (d). Section (c) provides that any person aggrieved may bring a civil action for such legal or equitable relief as will effectuate the purposes of this chapter. Section (d) provides that no civil action may be commenced by any individual until that individual has given the Secretary not less than 60 days' notice of his intent to sue, and that such notice shall be filed within 180 days after the alleged unlawful practice occurred. Plaintiff Price, according to his complaint, has complied with these conditions precedent to suit. Bradwell has not on the record, although plaintiff asserts that defendants have waived his notice requirement. Defendants, in their brief, concede that Bradwell has signified his consent to the suit through his attorney, but·deny that he has complied with the notice requirement to the Secretary of Labor. Section (b) provides that the provisions of the Act shall be enforced in accordance with the powers, remedies and procedures provided in 29 U.S.C.A., Sections 211(b), 216 (except for subsection (a) thereof), 217, and subsection (c) of Section 626. Sections 211, 216 and 217 are codified sections of the Fair Labor Standards Act. Section 216(b) provides that any one or more employees for and in behalf of himself or themselves and other employees similarly situated may maintain an action; however, no employee shall be a party plaintiff to any such action unless he gives his consent in writing and until he files such consent in the court in which the action is brought.

The Court, accordingly, finds that the class in the instant suit must at the outset be limited to individuals similarly situated to Price, who have filed the required notice with the Secretary of Labor within 180 days after the alleged unlawful practive, unless this condition be affirmatively waived by defendants, and who have filed their written consent in this action to become a party plaintiff.