**Larita Y. MATHER, Plaintiff,**

v.

**WESTERN AIR LINES, INC.,**
**Defendant.**

**Civ. No. 72-382-WPG.**

United States District Court,
C. D. California.

May 24, 1973.

Anderson, Litt, Lund & Tockman, Joan T. Andersson, Los Angeles, Cal., for plaintiff.

Darling, Hall, Rae & Gute, Donald Keith Hall, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

The plaintiff, a stewardess employed by Western Air Lines, Inc. until January 17, 1968, was terminated on that date because of pregnancy. Such was the policy of Western until April 1970 when it entered into a conciliation agreement with the union representing the stewardesses. The agreement provided for maternity leave and reinstatement for flight attendants. This rehire policy was effective retroactively beginning January 1, 1969. On September 9, 1970, the plaintiff applied to be rehired and was refused. She now brings this action, under the Civil Rights Act of 1964, alleging unlawful employment discrimination because of her sex (42 U.S.C. § 2000 e–2(a)(1)).

The plaintiff seeks to prosecute this case as a class action on behalf of all flight hostesses terminated by Western because of pregnancy from July 2, 1965 (the effective date of the statute) to December 31, 1968 (the eve of the effective date of the above-mentioned policy change). It appears that there are twenty-three members of this proposed class (including the plaintiff but not including three individuals that have been rehired by Western) located throughout the United States.

Section 2000e–5(d) requires that, as a condition precedent to bringing an action charging discriminatory employment practices, the aggrieved person must file a charge with the Equal Employment Opportunities Commission within ninety days following the occurrence of the activity complained of, in or-

der that the Commission might have an opportunity to obtain the elimination of such practice through persuasion. The plaintiff filed a timely charge with the Commission; the other members of the proposed class (or most of them) did not.

It seems apparent that the members of the proposed class that failed to file timely charges with the Commission would not have standing to bring and prosecute their own actions in a United States District Court. The question arises as to whether or not a class action may be used to recreate and provide remedies for people that otherwise had permanently lost them through their own inaction.

This court is mindful of decisions to the effect that if the plaintiff in a class action files a timely EEOC charge, it is not necessary for all of the other proposed class members similarly situated to file similar charges. Bowe v. Colgate Palmolive Co., 416 F.2d 711 (7th Cir. 1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968). Those decisions referred to the purpose of requiring the EEOC charge, namely to provide notice to the accused and an opportunity for a conciliatory solution. "It would be wasteful, if not in vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." Oatis, supra, at 498.

However, those cases dealt with continuing violations of rights of current employees of the defendants. At the time the charge was filed upon which the subsequent action was based, each of the proposed class members still could have filed a charge on his own behalf.

Unlike the situation in Bowe and Oatis, at the time the named plaintiff made her charge, the proposed members of the class here concerned could no longer file timely charges of their own, because the ninety-day period had expired.

The reasons for such failure to act are presumably varied. Some of the individuals may not have been interested in

further employment; others may have inadvertently slept on their rights. But in any event, they had lost the opportunity to sue the defendant under the statute (42 U.S.C. § 2000e–5(d)). With the passage of time, the defendant may reasonably have concluded that its potential liability to these former stewardesses had terminated. To resurrect numerous causes of action at the expense of the integrity of time limitations would foster an open-ended liability not anticipated by the defendant or provided for by the language of the statute.

As is indicated above, it is the understanding of the court that the number of former stewardesses that could have filed timely EEOC charges at the time the plaintiff did so is insufficient to justify a class action. Pursuant to such understanding, the plaintiff's motion for the designation of a class is denied. If the plaintiff believes the above expressed assumption to be incorrect, the court would be willing to reconsider the subject motion.