Nicholas PANDIS

v.

SIKORSKY AIRCRAFT DIVISION OF UNITED TECHNOLOGIES CORPORATION.

Civ. No. B-76-331.

United States District Court, D. Connecticut.

May 6, 1977.

Beverly J. Hodgson, Bridgeport, Conn., for plaintiff.

Scott J. Wenner, Peter F. Healey, Washington, D. C., John R. Fitzgerald, Hartford, Conn., for defendant.

## RULING ON MOTIONS TO DISMISS

NEWMAN, District Judge.

Plaintiff sues under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 *et seq.,* for injunctive relief and damages for defendant's failure to comply with that Act. He brings his suit as a class action. See 29 U.S.C.A. § 216(b), incorporated by reference in 29 U.S.C.A. § 626(b). Jurisdiction is conferred over this claim by 28 U.S.C.A. § 1331(a). Plaintiff also purports to state a claim under Conn. Gen.Stat. § 31–126(a), which makes it an unfair employment practice for an employer to discriminate on the basis of age. The first of the pending motions to dismiss attacks the Connecticut cause of action, which has no independent jurisdictional base, on the ground that the exercise of pendent jurisdiction is inappropriate in this case. The second motion attacks the claim of Carleton E. Voos, who purports to "opt in" to plaintiff's class action under the procedure set forth in 29 U.S.C.A. § 216(b).

### I. *The Pendent Claim*

At the time it enacted ADEA, Congress paid particular attention to the relationship between the federal cause of action it was creating and the rights, if any, that a federal plaintiff might have under state law to enforce a state age discrimination claim. The Act's enforcement plan not only contemplates an opportunity for the Secretary of Labor to attempt to conciliate an aggrieved person's dispute with his employer, see 29 U.S.C.A. § 626(d), but also specifically provides for a state conciliation role when a state agency exists to perform such a function. Section 633(b) provides that when a state has an age discrimination law and has charged a state authority with its enforcement, no plaintiff in such a state may bring his federal lawsuit before the expiration of sixty days after commencement of state proceedings unless the state proceedings terminate earlier. Under § 626(d) the plaintiff must give the Secretary of Labor sixty days' notice of intent to file his federal suit, which notice must be filed within 180 days after the alleged unlawful practice occurred, or, if § 633(b) on state age discrimination enforcement applies, within 300 days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.[1]

Because Connecticut has an age discrimination statute and an authority charged with enforcing it, see Conn.Gen.Stat. ch. 563, § 633(b) of the federal statute applies. Plaintiff has filed complaints with both the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the United States Department of Labor (DOL). Apparently neither agency has been able to bring about an amicable resolution of the dispute.

For several reasons the exercise of pendent jurisdiction over the state claim is inappropriate. First, Congress has stated

---

**1.** *See Gabriele v. Chrysler Corp.,* 416 F.Supp. 666 (E.D.Mich.1976); *Bertsch v. Ford Motor Co.,* 415 F.Supp. 619 (E.D.Mich.1976).

in § 633(a) of ADEA that the filing of a federal age discrimination lawsuit after the requisite periods for state and federal conciliation supersedes any state action in process. That section reads:

Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.

While the proper interpretation of the word "supersede" is not completely free from doubt, and no reported cases have construed the passage, the legislative history sheds some light on Congress's intent. In H.R. Rep.No. 805, 90th Cong., 1st Sess., reprinted in [1967] U.S. Code Cong. & Admin.News, pp. 2213, 2219, 2224, the House Education and Labor Committee stated that "commencement of an action under this act shall be a stay on any State action previously commenced." It is arguable that the word "supersede" as used in this statute and the word "stay" in the legislative history apply only to state court actions and not to causes of action founded on state law but brought in a federal court. But I give the statute a somewhat broader reading. The fact that the filing of a federal ADEA lawsuit supersedes and stays any action pending in a state forum is a persuasive indication that it would be inappropriate for a federal court considering a federal ADEA claim to assume pendent jurisdiction over a cause of action grounded in state law. Congress clearly did not intend that state and federal actions would proceed simultaneously after the conciliation period, and to allow a state law cause of action, whether based on diversity or pendent jurisdiction, to proceed in federal court would be inconsistent with the congressional intention that the federal remedy should take precedence.

Even without this indication of congressional intent, exercise of pendent jurisdiction would be inappropriate. First, there are serious doubts as to whether the Con-

necticut statute affords the plaintiff a right to any judicial action at the present time. Under Conn.Gen.Stat. §§ 31–127 and 31–128 the only specific provision for private judicial action is on appeal from a final order of a hearing tribunal or from a dismissal of the complaint by the commission.[2] Since the plaintiff's state complaint is still pending before the CCHRO, this right of action has not yet ripened. No provision of state law gives an aggrieved person any right to go into any court to enforce an age discrimination claim before termination of the CCHRO proceedings. While the state judiciary is free to read a private right of action prior to the appeal stage into the state act if it chooses, it would be inappropriate for a federal court to reach out and take jurisdiction over a cause of action that can only succeed by giving the state statute an interpretation far different from the plain meaning of the words the state legislature used.

If at the termination of this federal lawsuit plaintiffs thinks that state law would afford remedies not granted in this case, he will be free to resume his action before the CCHRO and pursue his state appeal is necessary.

## II. *Claim of Carleton Voos*

ADEA adopts by reference in § 626(b) certain enforcement provisions of the Fair Labor Standards Act (FLSA), among them 29 U.S.C.A. § 216(b), providing in part:

No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

This is an "opt in" procedure, in contrast to the "opt out" system of Fed.R.Civ.P. 23. See, e. g., *Schmidt v. Fuller Brush Co.,* 527 F.2d 532 (8th Cir. 1975); *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975).

Carleton E. Voos has filed with the Court a document entitled "Consent to Suit," which asserts that Voos was terminated

2. The statute provides for review of the administrative decision and not for a trial *de novo*.

from his employment because of age and that he is a member of the class plaintiff Pandis seeks to represent, and further states:

Class member-Plaintiff VOOS hereby consents to the maintenance of a suit on his behalf by Plaintiff NICHOLAS PAN-DIS as representative of the class to which both NICHOLAS PANDIS and CARLETON E. VOOS belong, and further consents to be bound by any judgment in that suit.

This document satisfies the formal requirements of § 216(b).

▮ The issue is whether Voos is barred from "opting in" to the Pandis suit, notwithstanding his formal compliance with § 216(b), due to his failure to file notices with the CCHRO and the Secretary of Labor as required for plaintiffs under ADEA. The cases that have dealt with this issue are not completely harmonious. In *Burgett v. Cudahy Co.*, 361 F.Supp. 617 (D.Kan.1973), one plaintiff had sent a notice to the Department of Labor mentioning not only his own grievance but also that of three other employees who later became his co-plaintiffs. This original notice did not mention the names of the latter three employees, but those three were named in a subsequent notice sent after the running of the ADEA time limit for notifying the Secretary but before the filing of suit. The Court held that this technical failure did not prevent the three from joining in a representative suit brought on their behalf by the first plaintiff, who had fully complied. It drew on the reasoning of Title VII cases to hold that as long as the lawsuit is limited to issues raised by the representative plaintiff, the filing of essentially identical notices by the class members is not required.

Other courts have taken a more restrictive view. In *Oshiro v. Pan American World Airways, Inc.*, 378 F.Supp. 80 (D.Hawaii 1974), the court held that the require-

ment of filing of notice was jurisdictional as to all potential plaintiffs and that the failure of proposed plaintiffs to comply precluded their joinder. In *Price v. Maryland Casualty Co.*, 62 F.R.D. 614 (S.D.Miss.1972), the court limited the class to persons who, in addition to filing their written consent to suit, had filed the required notice with the Secretary of Labor within 180 days after the alleged unlawful practice.

These cases seem to take an overly restrictive view of congressional intent in enacting ADEA, which after all was intended to serve broad remedial purposes. Though Congress adopted the "opt in" procedure of the Fair Labor Standards Act, it used Title VII as a model for the conciliation provisions of ADEA. Thus Title VII precedents, while not necessarily determinative, are useful in considering how Congress would want the ADEA conciliation provisions to be applied. Most courts that have considered the question have held that a Title VII class is not limited to those persons who have filed a charge with the Equal Employment Opportunity Commission.[3] The reasons for this holding were persuasively explained by Judge Bell in the leading case of *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498–99 (5th Cir. 1968):

It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful. The better approach would appear to be that once an aggrieved person raises a particular issue with the EEOC which he has standing to raise, he may bring an action for himself and the class of persons similarly situated . . .

\* \* \* \* \* \*

[I]t is not necessary that members of the class bring a charge with the EEOC as a

3. Court of Appeals cases so holding include *Batiste v. Furnco Constr. Corp.*, 503 F.2d 447, 451 (7th Cir. 1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 399 (1975); *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 244 (5th Cir. 1974); *Dodge v. Giant Food, Inc.,* 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); *Macklin v. Spector Freight Systems, Inc.*, 156 U.S.App.D.C. 69, 478 P.2d 979, 985 n. 11 (1973); *Varela v. United Nuclear Corp.*, 462 F.2d 149, 153 (10th Cir. 1972).

prerequisite to joining as co-plaintiffs in the litigation. It is sufficient that they are in a class and assert the same or some of the issues.

■ This reasoning is persuasive as to ADEA actions as well. Congress's reasons for requiring a conciliation period are fully satisfied if one class member has given the requisite notice to the conciliating agency. There is no need to force every class member to go through the repetitive and doubtlessly futile motions of another agency notice and waiting period. Of course, just as in Title VII cases, the claims of class members who have not given their own administrative notices must be limited to the category of claims fairly raised by the notice given by the representative class member. *Oatis v. Crown Zellerbach Corp., supra.*

■ But an important qualification circumscribes the number of persons who are eligible to become class members by opting in to plaintiff's suit. Claims that were time-barred on the date that plaintiff filed his suit cannot be revived by the commencement of a putative class action. Under Title VII a class action plaintiff cannot represent persons who could not have filed a charge with the EEOC at the time he filed his charge.[4] *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Diaz v. Pan American World Airways, Inc.,* 346 F.Supp. 1301 (S.D. Fla.1972); *Gilbert v. General Electric Co.,* 59 F.R.D. 267, 273 (E.D.Va.1973); *Mather v. Western Air Lines, Inc.,* 59 F.R.D. 535 (C.D. Cal.1973). Since there is no reason to apply a more lenient rule to an ADEA class action, Voos can be allowed to "opt in" to the Pandis suit only if Voos could have timely filed his own administrative charges on the

date that Pandis sent his notice to the agency. It is thus necessary to determine the effective date of the Pandis filing.

■ Pandis, in addition to filing a complaint with the CCHRO, filed two documents with the Department of Labor.[5] On May 5, 1976,[6] he filed a U. S. Department of Labor Employment Information Form with the Wage and Hour Division. The information included on this form identified plaintiff's former employer and plaintiff's job status. The second page of the form asked:

CHECK THE APPROPRIATE BOX(ES) AND EXPLAIN BRIEFLY IN THE SPACE BELOW the employment practices which you believe violate the Wage and Hour laws. (If you need more space use an additional sheet of paper and attach it to this form)

Pandis checked the box marked "Discrimination against employee or applicant (40–65 years of age) because of age" and wrote in the space below:

Employer informed employee because of his age over 50.

Employee offered to accept another position but was denied.

Subsequently, on June 16, 1976, Pandis sent a handwritten letter reading as follows:

No. Bergen N.J. 6/16/76

Dear Sir

With this letter of mine I do like to reveil to you my intention to proceed sueing Sikorsky Aircraft in Stratford Conn., for Age Discrimination against me which took place on Jan 16—1976. This letter is mailed to you before 180 days from the above date in accordance with the law of Age Discrimination Employment Act.

Very Truly Yours

Nick Pandis

---

**4.** The running of any limitations period is tolled by the filing of a Rule 23 class action for any class members who could have instituted their own proceeding on that date. *See American Pipe & Construction Co.' v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

**5.** The defendant has not disputed that the filings of all three of these documents were within the statutory time limits applicable to the Pandis claim.

**6.** The form is dated by hand "5–5–76," and file-stamped in two places as follows:

ESA–WHD
NWK–AO
May 19, 1976
RECEIVED
JUN 7 1976
WH & PC DIVS.
HARTFORD, CONN.

The latter document clearly satisfied the requirement of filing with the Secretary of Labor a notice of intent to file a civil action.

■ I hold that the May 5 filing also constituted effective notice of intent to sue within the meaning of § 626(d). While some cases have strictly held plaintiffs to the requirement that they notify the Secretary of their intent to file a civil action in writing in almost precisely those words, see *Hays v. Republic Steel Corp.*, 531 F.2d 1307 (5th Cir. 1976); *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974), the trend has been to construe the act liberally on behalf of the plaintiff to effectuate the act's remedial purposes. "A procedural requirement of the Act, of doubtful meaning in a given case, should not be interpreted to deny an employee a claim for relief unless to do so would clearly further some substantial goal of the Act." *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975). It is not necessary for a complainant in so many words to declare an intent to file a civil action. In holding that notice is sufficient where an employee identifies himself and his employer and reports facts supporting an ADEA· cause of action, the court in *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911 (N.D.Ga.1973), pointed out that persons making complaints under ADEA will not be lawyers and should not be held to strict rules of pleading. See also *Burgett v. Cudahy Co.*, *supra.* Courts have gone so far as to hold that even oral notice satisfies ADEA requirements. *Smith v. Jos. Schlitz Brewing Co.*, 419 F.Supp. 770 (D.N.J.1976); *Sutherland v. SKF Industries, Inc.*, 419 F.Supp. 610 (E.D. Pa.1976); *Woodford v. Kinney Shoe Corp.*, *supra.* See also Note, Procedural Aspects of the Age Discrimination in Employment Act of 1967, 36 U.Pitt.L.Rev. 915 (1975). The May 5 filing in the present case sufficiently identified both the employee and the employer as well as facts to support an age discrimination claim. The form satisfactorily informed the Secretary of plaintiff's grievance to enable processing and conciliation attempts. It would further no purpose of the act to require slavish adherence to the "intent" language of § 626(d).

The *Voos* claim was alive on May 5 if his discharge occurred within 180 days prior to that date. Since the exact date of his discharge does not appear from the record, it is not possible to determine at this time whether the 180-day period had expired. Even if his discharge took place more than 180 days prior to May 5, his claim would not necessarily be untimely. An argument that his claim stayed alive for 300 days rather than 180 days after his discharge can be made based on § 626(d)(2), which provides that in a state like Connecticut with its own age discrimination law, filing with the Secretary may be made within 300 days after the alleged unlawful practice occurred, rather than within 180 days as would be the case in a state without an age discrimination law. Though some cases have held that a claimant cannot have the benefit of the 300-day filing period unless he makes an attempt within the appropriate time limits to commence state proceedings,[7] the fact that Pandis initiated state proceedings may keep the 300-day provision available for all members of the class. It is unnecessary to decide this issue at the present time, since *Voos'* discharge may well have occurred within the 180-day period.

Accordingly, the motion to dismiss the *Voos* claim is denied, without prejudice to its resubmission upon proof of untimeliness. For the reasons stated in Part I, *supra,* the motion to dismiss the second cause of action is granted.

---

**7.** *Smith v. Jos. Schlitz Brewing Co.*, 419 F.Supp. 770 (D.N.J.1976); *Skoglund v. Singer Co.*, 403 F.Supp. 797 (D.N.H.1975).