**44**

Kenneth R. WALKER, Howard L. Beesley, Clayton Unger, and Harry C. Drake, Plaintiffs,

v.

The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Fred Cook, and John Does I through X, whose names are unknown, Defendants.

Civ. A. No. 84–M–790.

United States District Court, D. Colorado.

June 27, 1986.

See also D.C., 645 F.Supp. 93.

Martin Zerobnick, Richard G. Sander, Zerobnick & Sander, P.C., Curtis L. Kennedy, Denver, Colo., for plaintiffs.

Dirk W. de Roos, Elizabeth A. MacDonald, Kutak, Rock & Campbell, David T. Fisher, Mountain Bell Law Dept., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This matter is before the court on the plaintiffs' Motion for Class Action Determination on Second Amended Complaint, filed March 28, 1985, and on plaintiffs' Joint Motion to Consolidate Age Act Claims, filed November 14, 1985. The motions relate to plaintiffs' claim for relief under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634 (1982). A class action under the ADEA is governed by section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) rather than by Fed.R.Civ.P. 23. That section provides that such an action may be brought by an employee for himself and in behalf of "other employees similarly situated." An employee similarly situated does not become a party plaintiff in a class action "unless he gives his consent in writing to become such a party," and files consent in the court where the action is pending. 29 U.S.C. § 216(b). For convenience, potential

plaintiffs to a section 216(b) class suit are referred to as "opt-in plaintiffs."

▮ Two of the named plaintiffs in this case, Harry C. Drake and Clayton Unger, filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to bringing this action, a prerequisite to a civil action under the ADEA. 29 U.S.C. § 626(d). Each person in the plaintiff class need not comply with section 626(d), if a named plaintiff has fulfilled the requirements and has given notice for others similarly situated. *Mistretta v. Sandia Corp.*, 639 F.2d 588, 593–95 (10th Cir.1980). Both Mr. Drake and Mr. Unger allege that they have complied with the statutory requirements.

▮ Neither of these charges filed with the EEOC specified that the charge was being brought on behalf of the individual claimant and all others similarly situated. Mr. Unger's charge, filed on October 11, 1982 in Wyoming, states: "Respondent's offer of retirement at a craft level with reduced benefits discriminates against its older and most seniored employees." This language is insufficient to give notice that Mr. Unger's charge is on behalf of others, but only alleges that the employer's policy discriminates against him as an older employee. Mr. Unger states in an affidavit that he later learned that other first and second level managers were also subject to acts of age discrimination, and then filed a second charge with the EEOC. The second charge was filed after this suit was brought and does not meet the section 626(d) requirement that a charge be brought sixty days before a civil action is commenced.

▮ Mr. Drake's charge, filed on June 14, 1983 with the EEOC in New Mexico, was sufficient to give notice that others allegedly were being discriminated against. It states: "I have reason to believe that many older employees who were near retirement were forced to retire at the same time I was and in the months following to include May 1983." His affidavit states that he discussed the matter of age dis-

crimination against other managers at the first and second levels with the EEOC personnel who processed his claim. From this information the EEOC could have attempted conciliation of the dispute between the employer and other employees in addition to Mr. Drake.

▮ In their Joint Motion to Consolidate Age Act Claims, filed November 14, 1985, the plaintiffs actually seek intervention by two additional plaintiffs as named representatives, Ralph E. Holder and Ronald F. Kelly, who have filed their own age discrimination claims in Civil Action No. 85–M–122. They each filed one or more charges with the EEOC prior to bringing suit. It is apparent that intervention is sought only to expand the scope of the class. To allow intervention at this stage of the proceedings would needlessly delay and complicate an already complex case. Mr. Holder's and Mr. Kelly's claims are already present in another case, and no prejudice to them will result by the denial of this motion.

▮ Although unnamed members of the plaintiff class need not have filed their own charges with the EEOC to join this action, their claims are limited to those issues raised in the charge by Harry Drake. *See Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793, 797–98 (D.Conn.1977). In requiring that plaintiffs give their consent, Congress sought to limit the nature of a class action suit under section 216(b). *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1267 (10th Cir.1984). The EEOC can attempt to conciliate only a dispute of which notice has been given. To expand the issues beyond the framework given in Mr. Drake's charge would circumvent the role Congress intended the EEOC to have.

▮ Mr. Drake's EEOC charge asserts that 1) he was a first level manager at Mountain Bell; 2) he was advised that he had been declared surplus in November, 1982; 3) he was offered a position that was a "considerable downgrade;" 4) he was told he had the alternative of retiring, was offered and elected to receive the compa-

ny's Supplemental Income Pension Plan (SIPP); and 5) his job functions are still being performed at the company by three employees, all under age forty (but under a different job classification). This court holds that the individuals who are "similarly situated" within the meaning of 29 U.S.C. § 216(b), and who thus may give consent to be plaintiffs in this case, must fit Mr. Drake's description of the claim.

Those who may join this action may have been first *or* second level managers at Mountain Bell. As stated in Mr. Drake's affidavit, he gave notice to the EEOC of acts of discrimination against both levels. To bring in former managers who worked at levels three through five, as plaintiffs request, would bring individuals into this suit whose interests would not coincide with those of the first and second level group, including individuals named as John Does I through X who participated in the alleged acts of discrimination.

The plaintiff class is also limited to those first and second level managers who retired under provisions of the Supplemental Income Protection Plan. Those managers who chose other options or who were not offered SIPP may have interests inconsistent with those who elected to receive SIPP and retire early.

The represented class is limited to those persons whose former job functions continued to be performed after the individual's retirement by employees under the age of forty, as stated in Mr. Drake's EEOC charge. The EEOC would not have known that it should attempt to conciliate any dispute between Mountain Bell and individuals whose jobs were eliminated or who were transferred.

A named plaintiff in a section 216(b) class action may represent only those similarly situated individuals who either have filed timely charges with the EEOC or who could have filed a timely charge on the same date as the named plaintiff. *Johnson v. American Airlines, Inc.,* 531 F.Supp. 957, 963 (N.D.Tex.1982), *aff'd on other grounds,* 745 F.2d 988 (5th Cir.1984), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985); *Pandis v. Sikorsky*

*Aircraft,* 431 F.Supp. at 798. The date of Harry Drake's EEOC charge, June 14, 1983, is the measure.

■ Some of the potential plaintiffs to this suit were living in states in which the EEOC defers to a state authority with the power to enforce state law prohibiting age discrimination. In those states, an individual may bring a charge within 300 days of the alleged discriminatory act. *See* 29 U.S.C. § 626(d)(2). In non-deferral states, in which no state agency has been given enforcement authority, the alleged act of discrimination must have occurred within 180 days before the filing of an EEOC charge. 29 U.S.C. § 626(d)(1). This court declines to extend the 300–day limit to the entire class on the basis that Mr. Drake is from New Mexico, a deferral state, and the 300–day limit applies to him as has been suggested by one court. *See Geller v. Markham,* 19 Fair Empl.Prac.Cas. (BNA) 1622, 1623 n. 2 (D.Conn.1979). Individuals should not be included in the class just because they failed to file their own EEOC charge. It must be determined whether each potential plaintiff lived in a deferral or a non-deferral state at the time a charge could have been filed.

■ The latest date upon which potential plaintiffs may claim discrimination occurred is also circumscribed by Mr. Drake's charge. That date is June 14, 1983. The EEOC could not have been expected to perform its conciliatory function for alleged acts of discrimination which could have occurred long after Mr. Drake's charge was filed and of which no notice was given.

■ This court is without authority to issue notice to potential class members or to take an active role in discovering or contacting potential plaintiffs. *Dolan,* 725 F.2d at 1267. Since only persons who consent to join this action will be bound, this court need not serve as a protector of all potential plaintiffs' due process rights. The role of the court in section 216(b) actions is only to administer and monitor the litigation process to ensure a fair trial, and not to give the appearance of judicial sponsorship of the notice. *Id.* at 1269.

**48**

The notice previously sent is defective for several reasons, including that the consent forms are captioned as pleadings. More troubling is that the notice does not explain the right of each potential class member to obtain independent legal representation. The forms were also sent without any notice to opposing counsel and incorrectly purport to give consent to representation of claims other than the age discrimination claim. New notice must be sent, the form to be agreed upon by all parties. A reasonable level of communication is acceptable between the named plaintiff and his counsel, and potential members of the class in sending another notice. *Dolan,* 725 F.2d at 1268.

Upon the foregoing, it is

ORDERED that the plaintiffs' Motion for Class Action Determination of the proposed class action under 29 U.S.C. § 216(b) is granted, with the class which may receive notice to be limited as specified in this opinion; and it is

FURTHER ORDERED that the parties shall agree upon the form of notice to be sent to potential plaintiffs to be represented in this class action; and it is

FURTHER ORDERED that plaintiffs' Joint Motion to Consolidate Age Act Claims is denied.