276

James H. BURT, Joseph B. Hall, Martin A. Baloga, and E. Clinton Drake, Plaintiffs,

v.

MANVILLE SALES CORPORATION, Defendant.

Action No. 86–F–2546.

United States District Court, D. Colorado.

May 29, 1987.

Curtis L. Kennedy, Denver, Colo., for plaintiffs.

Steven J. Merker, Ulrico S. Rosales, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on plaintiffs' Motion for Class Determination of age discrimination claims. Plaintiffs James Burt, Joseph Hall, Martin Baloga and Clinton Drake are former Manville Sales Corporation managers. They claim Manville discriminated against its older employees in violation of the Age Discrimination in Employment Act (ADEA), at 29 U.S.C. § 621 et seq. Plaintiffs involuntarily retired or were terminated during the time period from mid–1984 through 1985. Each named plaintiff filed a charge of age discrimination with the Denver District Equal Employment Opportunity Commission (EEOC) within 180 days of his termination or involuntary retirement. The plaintiffs' EEOC complaints charged class-wide age discrimination.

Plaintiffs have moved for an order allowing former Manville managers similarly situated to opt into this action, pursuant to 29 U.S.C. § 216(b). Defendant objects, asserting that plaintiffs cannot establish they or any others are "similarly situated" within the meaning of 29 U.S.C. § 216(b). Defendants have also moved the Court to sever the trials of the plaintiffs presently named. For the reasons expressed below, the Motion for Class Determination is GRANTED, and the Motion to Sever is DENIED.

### A. The putative plaintiffs

Section 7 of the Age Discrimination in Employment Act (ADEA), found at 29 U.S.C. § 626(b), states that the procedures for enforcement of the Fair Labor Standards Act (FLSA) are applicable to ADEA suits. A class action under the ADEA is therefore governed by § 16(b) of the FLSA found at 29 U.S.C. § 216(b), and not by Rule 23, Fed.R.Civ.P. Section 16(b) provides that an action may be brought by an employee for himself and on behalf of "other employees similarly situated." An employee similarly situated does not become a party-plaintiff under section 16(b) "unless he gives his consent in writing to become such a party," and files consent in the court where the action is pending.

Section 16(b) states the opportunity to proceed as an opt-in class on behalf of similarly situated individuals is a "right". As such, only if we determine the action relates to specific issues and circumstances personal to the plaintiff rather than any generally applicable policy or practice can we foreclose the right to proceed as a class. *See Bradford v. Peoples Natural Gas Co., Inc.*, 60 F.R.D. 432 (W.D.Pa.1973). In this case, the facts asserted by plaintiffs since the commencement of EEOC actions concern an asserted policy of age discrimination. It remains for opt-in plaintiffs to show they are in fact similarly situated and fall within the parameters outlined below; however, at this stage, the facts pled are not purely personal to the plaintiffs before the Court. As such, plaintiffs may proceed as an opt-in class.

Defendant argues no persons similarly situated to plaintiffs exist, as plaintiffs held different job assignments, worked in different departments, and had different supervisors. We find the issues in this action should not be so narrowly confined. Potential plaintiffs need only show their positions are similar, not identical, to the named plaintiffs'. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 617 (S.D.Tex.1979). The focus of this case is on allegations that Manville engaged in activities which adversely affected older management employees during a particular reduction in force.

Putative plaintiffs' claims are, of course, limited to those issues raised in the charges filed by plaintiffs Burt, Hall, Beloga and

Drake. *Walker v. Mountain States Tel. & Tel. Co.*, 112 F.R.D. 44, 46 (D.Colo.1986). *See also Pandis v. Sikorsky Aircraft Div. of United Technologies Corp.*, 431 F.Supp. 793, 797–98 (D.Conn.1977). Those who may join must therefore share in named plaintiffs' claims presented to the EEOC and in the Complaint filed in this action. Further, those who may join must have been able to file a timely EEOC charge on the same date as at least one of the named plaintiffs. *Walker, supra,* at 47.

Each plaintiff's charge asserts that: (1) plaintiff was told by supervisors that his job position was being eliminated; (2) Manville Corporation consciously chose to eliminate the jobs of its older more experienced management employees and otherwise allow its reorganization plans to have a disparate impact on managers in the protected age group; (3) a pattern of age discrimination has been directed against him and other management employees in the protected age group; and (4) plaintiff's job function or duties were assigned to and are being carried out by others at Manville who are younger than plaintiff was at the time of his termination or involuntary retirement. Plaintiffs' first EEOC claims were filed on September 16, 1985. The last was filed on November 1, 1985. Therefore, to join this action, putative plaintiffs must share the above claims and must have been terminated or involuntarily retired between March 18, 1985 (180 days before the first filed EEOC claim) and November 1, 1985.

### B. The EEOC filing requirement

Defendants assert potential plaintiffs who did not timely file charges of discrimination with the EEOC should not be allowed to join this action. We disagree.

Plaintiffs Burt, Hall, Baloga and Drake each filed class-wide charges of age discrimination with the EEOC prior to commencing this action. Their charges (Exhibits A–D to the Complaint) specified that they were brought on behalf of the individual claimant and all others similarly situated.

■ We find plaintiffs' charges were sufficient to give notice of potential class claims against defendants. Persons similarly situated who wish to join in this lawsuit need not comply with § 7(b) of the ADEA by first filing their own EEOC charge. The Tenth Circuit has clearly so provided in *Mistretta v. Sandia Corp.*, 639 F.2d 588, 593–95 (10th Cir.1980). The Commission's or defendants' ability to analyze, conciliate and/or correct ADEA violations was not rendered impossible because the name and situation of each potential plaintiff was unknown. From the information in the EEOC complaints filed, the EEOC could have attempted conciliation of the dispute. The purposes of requiring notice have been satisfied. *See also Walker v. Mountain States Tel. & Tel. Co.*, 112 F.R.D. 44, 46 (D.Colo.1986); *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986); *Bean v. Crocker National Bank*, 600 F.2d 754, 759 (9th Cir.1979).

### C. Notice to putative class members

Defendant contends no notice of the pending ADEA claims should be sent by plaintiffs, their counsel, or the Court. Plaintiffs argue they should be allowed to communicate with potential opt-in plaintiffs.

■ This Court is without authority to issue notice to potential class members or take an active role in discovering or contacting potential plaintiffs. *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1267 (10th Cir.1984). Our role in developing a Section 16(b) class, as opposed to a Rule 23 class, is quite limited. In an opt-in class situation, the Court need not protect the due process interests of nonjoining parties, as they will not be bound by the outcome of the action.

■ Named plaintiffs are responsible for developing a Section 16(b) class. However, in the interest of avoiding barratry, the parties' conduct is also somewhat limited. Discovery directed *solely* toward establishing a class will not be allowed. *Id.*, at 1267. Discovery should proceed on the named plaintiffs' claims. The parties will

be held to strict compliance with the procedures set forth in *Dolan*. Reasonable communication with putative class members is proper. *Id.*, at 1268. We have no reason to doubt that contact with potential plaintiffs will proceed with complete professional responsibility.

### D. *Time limits for opt-in plaintiffs*

The Court will allow a reasonable time period for those persons eligible to participate in this action to file notices of written consent to opt-in. Defendant requests the Court set an opt-in cutoff date of 60 days from the date of this Order. Plaintiffs request the cutoff date be 90 days before trial.

Putative plaintiffs shall have until July 31, 1987 to opt-in to this action. By that date, any putative plaintiff must file an opt-in consent and an affidavit establishing the applicant is similarly situated to named plaintiffs as outlined above. On August 3, 1987, plaintiffs may move for certification of the particularly described class of consenting plaintiffs. If at that juncture, the Court determines class determination is improper and Section 16(b)'s class provisions are inapplicable, this Order may be vacated. The Court will continue to monitor the progress of this action to determine if the claims presented lend themselves to class determination. This Order is provisional and subject to review and modification as pretrial procedures are undertaken.

As we have determined that an opt-in class proceeding under the FLSA is warranted in this case, severance would be improper.

ACCORDINGLY, plaintiffs' Motion for Class Determination is GRANTED, and defendant's Motion to Sever is DENIED.