### In re UNITED TELECOMMUNICATIONS, INC., SECURITIES LITIGATION.

### Relates To All Actions.

### Civ. A. No. 90–2251–EEO.

United States District Court,
D. Kansas.

Sept. 15, 1993.

Eric C. Sexton, Don R. Lolli, Beckett, Lolli, Bartunek & Beckett, Kansas City, MO, Stephen D. Ramos, Berger & Montague, Philadelphia, PA, Lee S. Shalov, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Steven M. Steingard, Dianne M. Nast, Kohn, Savett, Klein & Graf, Philadelphia, PA, Steven J. Toll, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, David Jaroslawicz, Law Offices of David Jaroslawicz, Richard Dannenberg, Lowey, Dannenberg, Bemporad,

Brachtl & Selinger, P.C., New York City, for Steven Friedland.

Eric C. Sexton, Don R. Lolli, Beckett, Lolli, Bartunek & Beckett, Kansas City, MO, Stephen D. Ramos, Berger & Montague, Philadelphia, PA, Lee S. Shalov, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Steven M. Steingard, Dianne M. Nast, Kohn, Savett, Klein & Graf, Philadelphia, PA, for Myra Friedland.

Arthur L. Liman, Allan Blumstein, Paul, Weiss, Rifkind, Wharton & Garison, Stephen D. Oestreich, Patricia I. Avery, Wolf, Popper, Ross, Wolf & Jones, New York City, for William T. Esrey.

Lawrence Kill, Anderson, Kill, Olick & Oshinsky, P.C., New York City, for Paul H. Henson.

Arthur L. Liman, Allan Blumstein, Paul, Weiss, Rifkind, Wharton, Garison, New York City, for Arthur B. Krause.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, KS, Brant M. Laue, George E. Feldmiller, Mark S. Foster, Stinson, Mag & Fizzell, Laura L. Ozenberger, US Sprint, Law Dept., Arthur A. Chaykin, US Sprint Communications Co., Kansas City, MO, for United Communications, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

The matter is before the court on defendants' Motion for an Order Directing Plaintiffs to Mail a Corrective Class Action Notice (Doc. # 336). For the reasons set forth below, defendants' motion will be denied.

The court's May 14, 1993, Order Approving Notice of Pendency of Class Action directed plaintiffs' counsel to mail prospective class members a Notice of Pendency of Class Action in substantially the form attached to the Order. On July 29, 1993, plaintiffs had notices sent out by first-class mail to 32,370 prospective class members identified by defendants. Plaintiffs also had the notice published in the national edition of The Wall Street Journal.

Defendants complain that the format of the notice was deficient and request an

order directing plaintiffs to issue a corrective notice. Plaintiffs maintain that a second corrective notice is unnecessary because the notice contained identical language to that approved by the court and was substantially in the form required by the court.

Defendants object because the opt-out form was *attached to,* rather than *enclosed in,* the notice. Plaintiffs contend that attaching the opt-out form to the notice, instead of enclosing a separate opt-out form, did not make the notice ambiguous or confusing. The court's order did not expressly require that the opt-out form be separated from the notice.

Defendants argue that the order implied as much by referring to the Request for Exclusion as "enclosed." Even so, attaching the opt-out form did not render the notice so confusing as to require a supplemental corrective notice. The opt-out form, although physically attached to the notice, was set apart from the notice on a separate page which had the appearance of an official document with its own caption and signature lines. Under these circumstances, the court does not believe that attaching the form to the notice made the notice confusing or ambiguous.

■ Defendants next complain that plaintiffs omitted the required bold-face type in the purpose paragraph of the notice. Defendants assert that the parties negotiated and eventually agreed that the paragraph explaining the purpose of the notice would be the second paragraph of the notice and would be in bold-face, rather than standard, type. Plaintiffs contend that the omission of the bold-face type was an inadvertent mistake which occurred in the process of faxing the order approving the notice to the class administrator, Gilardi & Company. Plaintiffs maintain that the administrator was not able to discern the bold print on the faxed copy and, thus, failed to include the bold type in the notice. Apparently, the same transmittal process caused the omission of the bold type to be overlooked in proofing.

Certainly, plaintiffs could have proofed the notice more closely or taken other precautions to insure that the purpose paragraph contained the bold-face type agreed to by the parties and approved by the court. Even so, the defendants' objections to the notice in the instant case relate to technicalities in the form of the notice, rather than substantive deficiencies. The court concludes that the omission of the bold-face type was not sufficiently egregious to warrant a supplemental corrective notice. *Compare Blum v. Bank Atlantic Fin. Corp.,* 925 F.2d 1357, 1359–60 (11th Cir.1991) (supplemental notices were ordered to correct substantive deficiencies); *Walker v. Mountain Tel. & Tel. Co.,* 112 F.R.D. 44, 48 (D.Colo.1986) (ordering a corrective notice to correct substantive deficiencies).

■ Defendants' final complaint is that the notice was likely to be thrown away by the recipient because it was a folded self-mailer which resembled "junk mail." Plaintiffs assert that the self-mailer format is the industry standard and is routinely used in class actions. The court knows of no case in which the self-mailer format was disapproved because it resembled "junk mail."

While the plaintiffs could have more fully complied with the approved form of the notice by insuring the purpose paragraph appeared in bold-face type, the notice, as a whole, complied with Federal Rule of Civil Procedure 23(c)(2) (requiring the "best notice practicable under the circumstances") and was in substantially the form approved by the court's May 14 Order. The court does not believe that defendants will be prejudiced by the notice in the form in which it was sent to prospective class members. The notice was adequate to notify prospective class members of the pendency of the suit and to enable those members wishing to opt out of the class to do so.

IT IS THEREFORE ORDERED that defendants' Motion for an Order Directing Plaintiffs to Mail a Supplemental Corrective Notice (Doc. # 336) is denied.